**Lary E. GRIMES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 322–83C.

United States Claims Court.

Dec. 30, 1983.

Dennis C. Mitchenor, Detroit, Mich., for plaintiff.

Lorraine B. Halloway, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, David M. Cohen, Sandra P. Spooner, Washington, D.C., and Captain Thomas J. Feeney, San Francisco, Cal., for defendant.

**ORDER**

KOZINSKI, Chief Judge.

Plaintiff was a civilian laborer employed by the Army from 1975 until his discharge for insubordination in 1980. He alleges that the Army breached its contractual relationship with him. The defendant has moved to dismiss.

■ 1. The court grants defendant's motion. This case is entirely frivolous and has resulted in a "waste of the resources supplied by the public to this court." *Asberry v. United States Postal Service,* 692 F.2d 1378, 1382 (Fed.Cir.1982). Counsel has a responsibility to research the law and present only those arguments that can be supported by valid authority. *Model Rules of Professional Conduct* Rule 3.1 (1983). Counsel's substantial reliance upon a circuit opinion reversed by the Supreme Court over a year ago is only the most egregious example of failure to meet this standard.

■ For the reasons noted on the record at the hearing on December 22, 1983, plaintiff has failed to state a claim within this court's jurisdiction. In any case, whatever

claim he may have had is barred by the statute of limitations and laches. The clerk is directed to dismiss the complaint with costs to the prevailing party. 28 U.S.C. § 2412(a) (Supp. V 1981); RUSCC 54(d).

2. An event at the hearing on defendant's motion merits additional discussion. The hearing was conducted in Washington, D.C., but plaintiff's counsel, who is located in Detroit, Michigan, was permitted to participate by telephone. The use of the telephone to conduct hearings is an incident of the Claims Court's nationwide jurisdiction. Many parties bringing actions in this court live outside of Washington and might find litigation of their claims prohibitively expensive if they or their attorneys were required to travel to Washington for all court proceedings. The court therefore generally conducts trials where the witnesses are located. 28 U.S.C.A. §§ 2503(c), 2505 (West Supp.1983). In addition, the court will take any other reasonable steps to assure "the just, speedy, and inexpensive determination of every action." RUSCC 1(a). This includes permitting counsel in certain cases to participate in court proceedings by telephone.

■ Participation by telephone may give counsel the impression that they are engaged in something other than a formal court appearance and that their responsibilities are fewer than when they are present in court. Nothing could be farther from the truth. When the court schedules a hearing or other proceeding, counsel's participation constitutes an appearance in the full sense of the term. The proceeding is generally conducted in the courtroom and on the record. Whether or not counsel is physically present, his conduct must comport with the standards for a court appearance, including timely attendance and appropriate speech and demeanor.

■ During the course of the hearing on this motion, the court discovered that plaintiff's counsel was tape recording the proceedings. Counsel did not request permission for such taping, nor did he inform the court or opposing counsel of his intention to do so. Such conduct is not appropriate.

The Committee on Professional Ethics of the American Bar Association has ruled that the use of a recording device by an attorney during court proceedings "without disclosing its use to the court and opposing counsel would be lacking in the [required] candor and fairness." ABA Committee on Professional Ethics, *Attorney's Use of Recording Device for Court Proceedings,* Informal Op. No. C–480 (1961).

The use of an electronic device to record telephone conversations raises additional concerns. Surreptitious recording of telephone calls is, at the very least, a grave discourtesy to the other participants in the conversation. When the recording is done by an attorney in the performance of his duties, it is a violation of ethical standards. *See* ABA Committee on Ethics and Professional Responsibility, Formal Op. 337 (1974) ("no lawyer should record any conversation whether by tapes or other electronic device, without the consent or prior knowledge of all parties to the conversation").

■ It is the responsibility of the court to arrange for a record of proceedings. 28 U.S.C.A. § 796 (West Supp.1983). To this end, the court contracts for reporting services and arranges for the presence of a reporter at all court sessions. Anyone wanting access to a verbatim record of proceedings may examine the one in the official case file (maintained in the office of the clerk), or may buy a certified copy of the transcript from the reporter. RUSCC 80(c). Unauthorized tape recordings of court proceedings can impugn the integrity of the official record, give a party an unfair advantage over its opponent and deprive the official reporter of one of the bargained-for benefits of its contract, namely the opportunity to sell copies of the transcript to the parties. If recordation of proceedings by someone other than the official reporter is ever permissible, it must be done by leave of the court for good cause shown and subject to the court's supervision and control. *Cf.* RUSCC 39(b)(2) (reporter is under control of the judge).

Plaintiff's counsel is ordered to transmit to the clerk of the court all copies of any

unauthorized recordings of proceedings in this case as well as any other case in this court.