847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Foon L. WOO, Petitioner,
v.
The DEPARTMENT OF the NAVY, Respondent.
 No. 88-3036.
 United States Court of Appeals, Federal Circuit.
 April 13, 1988.
 
 Before EDWARD S. SMITH, Circuit Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), Woo v. Department of the Navy, 35 M.S.P.R. 317 (1987), affirming, as modified, the initial decision of the administrative judge (AJ) which dismissed the appeal of Foon L. Woo (Woo) due to a settlement agreement reached by the parties, is affirmed.
 
 OPINION
 
 2
 Woo appealed his removal by the Department of the Navy (agency) to the board. During the hearing, after the presentation of the evidence on the charges, but before Woo's presentation of evidence on his affirmative defenses, the parties agreed to settle the case. Id. at 318. The AJ found the settlement was voluntarily entered into, was lawful on its face, and served to remove the appeal from the board's jurisdiction. The AJ entered the agreement into the record and dismissed the appeal. Id. at 318-19.
 
 
 3
 Woo filed a petition for review with the board which was denied. However, the board reopened the case on its own motion to consider Woo's allegations concerning bias or impropriety by the AJ. The board found that the AJ had not acted improperly in conducting the hearing, and affirmed the initial decision dismissing the appeal. Id. at 321.
 
 
 4
 Woo alleges that the agency's witness committed perjury and that the charges against him were not supported by substantial evidence. Both of these allegations go to the merits of his case. What Woo seems not to understand is that the settlement agreement governs the case since he signed it. The only question before this court is whether the board abused its discretion in dismissing his appeal based on the existence of the settlement agreement. " 'One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted.' " Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982), quoting Callen v. Pennsylvania R.R., 332 U.S. 625, 630 (1948)). Woo has not made the requisite showing of fraud or mutual mistake. In fact, he did not even mention the settlement agreement in his appeal to this court.
 
 
 5
 Woo's allegations of bias or impropriety by the AJ were properly rejected by the board. Woo never identified particular actions or statements by the AJ to support his charges. The board reviewed the transcript and found only two instances that might have supported a charge of bias. It then explained why the AJ's statements were not improper. We discern no error in these findings.