899 F.2d 1228
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerald STRUBINGER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3364.
 United States Court of Appeals, Federal Circuit.
 March 22, 1990.
 
 Before MARKEY, Chief Judge, PAULINE NEWMAN, Circuit Judge, and JOHN C. LIFLAND, District Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner Gerald Strubinger seeks review of a decision of the Merit Systems Protection Board ("MSPB"), MSPB Docket No. PH07528910109, that denied review of the initial decision of the MSPB dismissing plaintiff's appeal as moot. We affirm.
 
 OPINION
 
 2
 The MSPB did not abuse its discretion in determining that: (1) Mr. Strubinger had not presented any new and material information that was unavailable at the time settlement was entered and the record closed, and (2) Administrative Law Judge Fishman had not based his decision on an erroneous interpretation of statute or regulation. The underlying dispute was resolved by the settlement agreement, and was no longer within the jurisdiction of the MSPB. Only information that went to the validity of the settlement was material. A settlement may be vacated only if the petitioner demonstrates that the settlement agreement "was tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982), quoting Callen v. United States R.R. Co., 332 U.S. 625, 630 (1948).
 
 
 3
 Accordingly, Mr. Strubinger's claim that the charges against him were unsubstantiated was not material. Mr. Strubinger's claim that the settlement was coerced by the presiding official is baseless. Assuming the truth of Mr. Strubinger's unsworn statements, they do not establish coercion.
 
 
 4
 Mr. Strubinger asked this court to extend Schultz v. United States Navy, 810 F.2d 1133 (Fed.Cir.1987), to attempts to vacate settlements, and to require the MSPB to conduct a hearing into the voluntariness of his settlement. This we decline to do. The standard for vacating settlements is set forth in Asberry, and the petitioner has failed to meet that standard.
 
 
 5
 Respondent's request for sanctions, pursuant to Rule 38, Fed.R.App.P., is denied.
 
 
 
 *
 Judge John C. Lifland of the District of New Jersey, sitting by designation