976 F.2d 747
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary P. FOSTER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3131.
 United States Court of Appeals, Federal Circuit.
 Aug. 7, 1992.
 
 Before NIES, Chief Judge, ARCHER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Mary P. Foster petitions for review from the October 1, 1991, Merit Systems Protection Board decision, Docket No. PH07529110586, dismissing her appeal for lack of jurisdiction based upon a "last chance" settlement agreement. We affirm.
 
 DISCUSSION
 
 2
 On November 19, 1990, Foster was removed from her position as a clerk-typist with the Department of the Navy. Foster appealed her removal to the Board. On February 26, 1991, Foster and the Navy entered into a "last chance" settlement agreement. The agreement provided, in part, that Foster would be returned to her former position. In return, Foster agreed that she would, among other things, "maintain regular, punctual attendance and good general work habits that are acceptable to Agency Management." Even one "incident of misconduct or unacceptable performance as determined by the Agency" would be cause for Foster's immediate removal. Foster waived her right to appeal or grieve any action taken against her for violating the agreement. Foster was returned to her former position. However, on April 26, 1991, the Navy issued a Notice of Removal to Foster. The notice informed Foster that she was being removed for several violations of the settlement agreement.* Foster appealed her removal to the Board.
 
 
 3
 On July 23, 1991, the Administrative Judge (AJ) informed Foster that absent a nonfrivolous claim that the Navy acted in bad faith, the settlement agreement was enforceable and the Board was without jurisdiction. Foster responded that she would establish jurisdiction at a hearing. The hearing that Foster requested was held on September 26, 1991. On October 1, 1991, the AJ dismissed Foster's appeal for lack of jurisdiction. The AJ determined that Foster "has neither denied the agency charges or satisfactorily explained her conduct, and has failed to offer any evidence of duress or bad faith, or that her waiver of her right to appeal to the Board was not fair, or was not freely made...." Accordingly, the AJ held that Foster had waived her right to appeal a subsequent removal to the Board. Foster timely petitioned this court for review.
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). The Board has jurisdiction to enforce settlement agreements arising out of an underlying personnel action in the same case. Amin v. Merit Sys. Protection Bd., 951 F.2d 1247, 1252 (Fed.Cir.1991). Waiver of an employee's appeal rights within a settlement agreement is enforceable absent evidence that the agency acted in bad faith. McCall v. United States Postal Serv., 839 F.2d 664, 667 (Fed.Cir.1988).
 
 
 5
 A party challenging a settlement agreement bears the burden of proving that the agreement is invalid. Amin, 951 F.2d at 1255; Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982). Foster has not carried her burden. Moreover, although Foster alleges in her petition for review a different interpretation of the facts than that found by the AJ, Foster makes no argument that would warrant disturbance of the Board's decision. Accordingly, the Board's decision is affirmed.
 
 
 
 *
 Specifically, the notice indicated that Foster was late in reporting to work on three occasions, that she had been granted "emergency" leave four separate times within one month, and that she failed to satisfactorily complete two typing assignments