980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Martin A. INOCELDA, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 92-3339.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1992.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Mr. Inocelda appeals from a final decision of the Merit Systems Protection Board (MSPB or Board) No. SEO752910389I1, which upheld the initial decision of the administrative law judge (AJ). The AJ dismissed petitioner's appeal on the ground that the parties had entered into a binding settlement agreement. We affirm the decision of the Board.
 
 DISCUSSION
 I.
 
 2
 The AJ found that the Department of the Army and Mr. Inocelda had entered into a settlement agreement by the terms of which he withdrew his appeal. The AJ also found that the settlement agreement was lawful on its face; that it was freely entered into, and that it was understood by the parties. After a careful review of the record, we conclude that the decision of the AJ is supported not only by substantial evidence, but by a clear preponderance of the evidence. An employee who invokes the judicial appellate process to attack a settlement agreement bears a heavy burden of proof. See McCall v. United States Postal Serv., 839 F.2d 664 (Fed.Cir.1988); Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982). Clearly, Mr. Inocelda had not met that burden.
 
 II.
 
 3
 Mr. Inocelda's first contention is that the MSPB had no jurisdiction of the action in which his appeal was dismissed. On October 16, 1991, attorneys for the parties advised the AJ that they had reached a settlement, whereupon the AJ ordered the parties to submit a duly executed copy of the agreement by October 22, 1991. On October 24, 1991, after receiving the written settlement agreement signed by Mr. Inocelda and the Army's representative, the AJ issued his decision dismissing the appeal and making the written settlement a part of the record.
 
 
 4
 Mr. Inocelda makes the unusual contention that the oral settlement of the parties on October 16, 1991, was an act of finality which deprived the MSPB of jurisdiction, and therefore, that the AJ's decision was "ultra vires." Pet.Br. at 3. The argument is without merit. The Board has jurisdiction to enforce a settlement agreement arising out of an underlying personnel action in the same case. The regulations expressly provide for making the written settlement agreement a part of the record. 5 C.F.R. § 1201.41(c) (1991). See Amin v. Merit Sys. Protection Bd., 951 F.2d 1247, 1252 (Fed.Cir.1991).
 
 III.
 
 5
 Mr. Inocelda next contends that because both parties intended the oral settlement agreement of October 16, 1991, to be enforced by the Board, the failure to have the oral agreement entered into the Board's record on that date was a mutual mistake which caused the MSPB to lose jurisdiction of his appeal. However, he does not contend that the parties made a mutual mistake in entering into the written settlement agreement of October 21, 1991. Because the Board's decision was based on that agreement, petitioner's claim of mutual mistake must be rejected.
 
 IV.
 
 6
 Petitioner next claims that he attempted to rescind the written settlement agreement by a telephone call which he made on October 22, 1991, to the AJ after he had received a copy of the agreement. In response to his telephone call, he was informed by the AJ's secretary that the appeal was "being dismissed." In his brief, petitioner states that he "contacted MSPB presumably to articulate his disagreement with the terms of the agreement" and that "his attempted revocation of the agreement was effective even though it was not communicated to the Administrative Judge." Pet.Br. at 5.
 
 
 7
 There is no evidence in the record to support this argument. It is in direct conflict with the following statement in a memorandum dated October 22, 1991, and signed by petitioner after he attempted to contact the AJ by telephone: "Mr. Inocelda agreed to sign the agreement voluntarily and acknowledged that his attorney, Mr. Randall L.K.M. Rosenberg, had discussed the agreement with him." Resp.App. at 22.
 
 V.
 
 8
 Finally, Mr. Inocelda contends that the written settlement agreement was void on the ground that it was entered into under duress. This contention is based on the AJ's order of October 16, 1991, which stated that the AJ expected a duly executed copy of the agreement to be received by him not later than October 22, 1991, and that if the agreement was not received by that time, the appeal would be dismissed with prejudice. The petitioner asserts that it was duress for the AJ to impose a conditional dismissal by means of the order, because the condition altered his bargaining power in the settlement of the dispute.
 
 
 9
 Although the AJ's order stated that either party could file objections thereto not later than October 22, 1991, there is no evidence that Mr. Inocelda filed any objections with the AJ. Also, we find no evidence in the record which shows that petitioner expressed dissatisfaction with the agreement to either the AJ or any representative of the Army at any time before or on the date the written settlement agreement of October 21, 1991, was signed by him. Moreover, the agreement provides that it was "executed by each party hereto with full knowledge of the facts and possibilities of the case and upon the advice of respective counsel." Pet.App. at 16.
 
 
 10
 Manifestly, Mr. Inocelda has failed to prove the elements which are necessary to establish duress. See Employers Ins. Co. of Wausau v. United States, 764 F.2d 1572, 1576 (Fed.Cir.1985).
 
 
 11
 For the reasons stated, the decision of the Board must be affirmed.