996 F.2d 1235
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gregory J. PETRAKIS, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 93-3077.
 United States Court of Appeals, Federal Circuit.
 May 3, 1993.
 
 Before LOURIE, RADER and SCHALL, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Mr. Gregory J. Petrakis appeals the Merit Systems Protection Board (MSPB or Board) decision, Docket No. DC0752920390-I-1. The Board dismissed his petition because he had already settled his case. Because Mr. Petrakis did not show fraud, mistake, or invalidity otherwise in his settlement agreement, this court affirms.
 
 OPINION
 
 2
 On April 16, 1992, the Department of Housing and Urban Development (HUD) removed Mr. Petrakis for misconduct. Mr. Petrakis timely appealed to the MSPB. While the appeal was pending before the administrative judge (AJ), Mr. Petrakis settled his case with HUD. In light of the settlement, the AJ dismissed Mr. Petrakis' appeal.
 
 
 3
 Mr. Petrakis nonetheless filed a petition for review with the MSPB expressing dissatisfaction with the settlement agreement. The Board denied Mr. Petrakis' petition under 5 C.F.R. § 1201.115 (1992).* Mr. Petrakis appealed to this court.
 
 
 4
 Title 5 makes clear this court's power to review MSPB decisions. This court may set aside a decision of the MSPB only if arbitrary, capricious, an abuse of discretion, unlawful, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 5
 Moreover, this court uses a very high standard to examine attacks on settlement agreements. Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982). Thus, Mr. Petrakis had the burden of showing that the settlement agreement was tainted with invalidity, either by fraud or mutual mistake. Id.
 
 
 6
 Mr. Petrakis made no such showing. Neither Mr. Petrakis' petition for review nor his brief to this court shows that his execution of the settlement agreement was involuntary. Mr. Petrakis cites no evidence to support his allegations of fraud or mutual mistake. Moreover the petition does not show that Mr. Petrakis' signature was unwilling, unknowing, or otherwise involuntary. In fact, the record shows that Mr. Petrakis accepted the settlement agreement voluntarily, with the advice and representation of counsel. The Board did not abuse its discretion in declining to set aside the settlement agreement between Mr. Petrakis and HUD.
 
 
 7
 Moreover, in the absence of "new evidence unavailable at the time of the settlement agreement," the Board properly determined that Mr. Petrakis's petition did not meet the requirements of 5 C.F.R. § 1201.115. See Asberry, 692 F.2d at 1381. The Board correctly dismissed Mr. Petrakis' petition. This court affirms.
 
 COSTS
 
 8
 Each party to bear its own costs.
 
 
 
 *
 5 C.F.R. § 1201.115 provides in part:
 (a) The petition for review must state objections to the initial decision that are supported by references to applicable laws or regulations and by specific references to the record.
 ....
 (c) The Board, after providing the other parties with an opportunity to respond, may grant a petition for review when it is established that:
 (1) New and material evidence is available that, despite due diligence, was not available when the record closed; or
 (2) The decision of the judge is based on an erroneous interpretation of statute or regulation.