5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Garner CALDWELL, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 93-3192.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1993.
 
 Before ARCHER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Petitioner Garner Caldwell seeks review of the January 11, 1993 decision of the Merit Systems Protection Board, Docket No. NY0432920299-I-2. Because substantial evidence supports the Board's finding that the settlement agreement entered by petitioner is valid and enforceable, this court affirms.
 
 OPINION
 
 2
 Before his removal on March 16, 1992, Mr. Caldwell was an Assistant Canteen Officer with the Veterans Canteen Service (VCS) in the VA Medical Center, East Orange, New Jersey. On August 28, 1991, the agency notified Mr. Caldwell that his performance was sub-standard in several areas. VCS gave Mr. Caldwell until December 1, 1991 to demonstrate acceptable performance.
 
 
 3
 Mr. Caldwell complained that the unfavorable reviews were reprisals for his charges of discrimination against the agency. On March 21, 1992, Mr. Caldwell in fact filed a formal complaint of employment discrimination (the "EEO complaint") against VCS. On February 21, 1992, VCS proposed removal because Mr. Caldwell's performance had not improved. On March 16, 1992, Mr. Caldwell was formally removed.
 
 
 4
 On July 31, 1992, Mr. Caldwell appealed the agency's final removal decision. During a pre-hearing conference, the parties informed the administrative judge that they had agreed to settle the case. The next day the parties signed the settlement agreement, in which Mr. Caldwell released all claims, including the EEO complaint, in exchange for a cash settlement. The signed agreement included Mr. Caldwell's affirmance that he was entering into the settlement agreement freely and voluntarily. Mr. Caldwell now claims he was unaware that the settlement included the EEO complaint.
 
 
 5
 This court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 Mr. Caldwell contends that he agreed to the settlement as a result of fraud by the agency. See Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982). The record, however, shows no evidence to support Mr. Caldwell's bare allegation of fraud.
 
 
 7
 The administrative judge reviewed the terms of the settlement with the parties, and indicated that they "understood their rights and responsibilities under the agreement." By signing the agreement, Mr. Caldwell acknowledged that he had read, understood, and agreed to all the provisions of the agreement and that he was entering into the agreement freely and voluntarily. No record evidence supports Mr. Caldwell's argument that he was under "stress" and "[un]able to make a logical decision." Without evidence of fraud or bad faith on the agency's part, this court affirms the Board's opinion. Asberry, 692 F.2d at 1381.