11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles L. BEECHAM, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 93-3290.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1993.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Charles L. Beecham petitions for review of the March 3, 1993, decision of the Merit Systems Protection Board, Docket No. SF0752921020-I-1, denying his petition for review. Because the parties entered into a settlement agreement on November 13, 1992, the Board dismissed Mr. Beecham's appeal of his thirty day suspension for allegedly falsifying official documents.
 
 DISCUSSION
 
 2
 We review decisions of the Board under a narrow standard. The Board's decision must be affirmed by this court unless it is found to be
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 7
 Mr. Beecham states that he entered into the November 13, 1992 settlement agreement with the agency involuntarily. He also states that he was not properly represented during the settlement proceedings, and raises several arguments on the merits of the suspension.
 
 
 8
 To set aside the settlement agreement, Mr. Beecham must demonstrate that "the contract he made is tainted with invalidity." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982), citing Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630 (1948). After reviewing the evidence presented by Mr. Beecham, the Board concluded that this requirement was not met. The terms of the agreement were read aloud. At no time did Mr. Beecham object to the proceedings, or state his unwillingness or inability to participate. The administrative judge asked Mr. Beecham for his approval and understanding of the agreement, to which he answered "yes." His representative, a Union official, expressed no concern about Mr. Beecham's mental capacity. Mr. Beecham did not object to his representation, or state how he was prejudiced by his representation.
 
 
 9
 Mr. Beecham states: "The Union representative would not try and get me a settlement even though there was nothing in his way." The record shows a settlement whereby Mr. Beecham's suspension was cancelled and all record thereof removed from his personnel files. Although Mr. Beecham now appears to believe that the settlement was inadequate, he has not shown sufficient basis for setting it aside.
 
 
 10
 The decision of the Board is affirmed.