60 F.3d 839
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Norelene M. HAMLIN, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 95-3140.
 United States Court of Appeals, Federal Circuit.
 April 13, 1995.
 
 Before MICHEL, RADER and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Norelene M. Hamlin appeals from the October 27, 1994 decision of the Merit Systems Protection Board (Board), No. SL-0432-94-0320-I-1, denying review of the August 5, 1994 initial decision of the Administrative Judge (AJ). Because the Board did not abuse its discretion in so denying review, we affirm.
 
 DISCUSSION
 
 2
 On April 14, 1994, following Hamlin's failure to improve to a satisfactory level in accordance with a Performance Improvement Plan, the Department of the Army (Army) notified Hamlin of her removal. Hamlin made a timely appeal to the Board.
 
 
 3
 Prior to the scheduled hearing, Hamlin settled her case with the Army. In a telephonic conference with the AJ, Hamlin's attorney stated that the provisions of the settlement agreement had been discussed with Hamlin and that she understood them. Finding the settlement agreement lawful on its face and to have been freely reached by the parties, the AJ entered the settlement agreement into the record and dismissed Hamlin's appeal.
 
 
 4
 Hamlin subsequently filed a petition for review with the Board. Hamlin sought to have the settlement agreement set aside on the ground that it was tainted with fraud and coercion. Pursuant to 5 C.F.R. Sec. 1201.115 (1994), the Board summarily denied Hamlin's petition for review. She timely appealed to this court.
 
 
 5
 We have held that "those who employ the judicial appellate process to attack a settlement agreement through which controversy has been sent to rest bear a properly heavy burden." Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982). Thus, Hamlin has the burden of showing that the settlement agreement was, as she alleges, tainted by coercion or fraud. Moreover, we may set aside only those decisions of the Board that are shown to be arbitrary, capricious, an abuse of discretion, unlawful, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). The controlling question is therefore whether Hamlin has shown that the settlement agreement was tainted such that the Board's refusal to vacate it constituted an abuse of discretion. Asberry, 692 F.2d at 1380.
 
 
 6
 Hamlin has made no such showing. No basis exists for her allegation that her execution of the settlement agreement was involuntary. In fact, the record shows that Hamlin was represented by counsel, was informed by counsel of the significance of the settlement agreement, and understood the consequences of signing the settlement agreement. Her allegation that the Army's ability to pursue a complaint against her with the state nursing board constituted coercion is without merit. It is not coercive for an agency to insist upon a legally permissive course of action and to remind an employee of the consequences thereof. See Liebherr Crane Corp. v. United States, 810 F.2d 1153, 1158 (Fed. Cir. 1987). It is also well settled that financial hardship does not constitute coercion: "Every loss of employment entails financial hardship. If that alone were sufficient to establish economic duress, no settlement involving it would ever be free from attack." Asberry, 692 F.2d at 1381. Finally, the record is bereft of any showing of fraud.
 
 
 7
 For these reasons, we conclude that the Board did not abuse its discretion by declining to set aside the settlement agreement between Hamlin and the Army.