61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Melvin J. BURKLEY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3243.
 United States Court of Appeals, Federal Circuit.
 July 17, 1995.
 
 Before LOURIE, CLEVENGER, SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Melvin J. Burkley appeals from the January 11, 1995 decision of the Merit Systems Protection Board (Board) Docket No. SF-0752950008-I-1, dismissing his appeal because the parties entered into a settlement which resolved the case. We affirm.
 
 
 2
 * Burkley worked as a Mail Processor in Long Beach, California. On July 20, 1994, Burkley received notice of his proposed removal for failure to report for work as scheduled and for excessive unscheduled absences. In 1994, for example, Burkley was AWOL for over 300 hours. On August 16, 1994, Burkley's plant manager issued a letter of decision removing Burkley as of September 23, 1994. The letter also informed Burkley of his right to appeal to the Board, and stated that in appealing to the Board he would "thereby waive access to any procedures under the National Agreement beyond Step 3 of the Grievance-Arbitration procedures."
 
 
 3
 Burkley opted to appeal to the Board, thereby limiting his access to grievance procedures. Then, on December 6, 1994, during a telephone conference with the Administrative Judge, the parties reached a settlement agreement. Under its terms, the Postal Service agreed to cancel the removal action and remove certain documentation from Burkley's file. Burkley agreed to resign his position, to not reapply to the Postal Service until September, 1995, and to never apply to the Long Beach office again. Most importantly, Burkley also agreed to withdraw his appeal from the Board. On December 7, 1994, the Board issued its decision finding the settlement lawful, fairly reached, and understood by the parties.
 
 
 4
 As stated above, Burkley limited his access to grievance procedures by choosing to appeal to the Board. Thus, the Postal Workers Union never reached a decision in Burkley's favor.
 
 
 5
 Burkley now appeals to us, and argues that the Board has not taken into account the medical reasons for his absences from work. Burkley also argues that the Board should not have rendered a decision while the union was reviewing his grievance, and that he is entitled to a hearing before the Board. In so arguing, Burkley must avoid the settlement agreement in which he agreed to dismiss his appeal to the Board.
 
 II
 
 6
 "An agreement between an agency and a petitioner settling their dispute is a final and binding resolution of an appeal [at] the [Board]." Perry v. Department of Army, 992 F.2d 1575, 1577 (Fed.Cir.1993). In order to upset his settlement agreement, Burkley bears the burden of proving that his settlement agreement "is tainted with invalidity, either by fraud practiced upon him or by mutual mistake under which both parties acted." Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982) (citation omitted).
 
 
 7
 Burkley has not presented any evidence, however, that he entered into his settlement agreement with the Postal Service through trickery or by mutual mistake. Indeed, his petition fails to mention the settlement agreement at all. Burkley therefore must remain bound by his agreement to drop his appeal to the Board.
 
 
 8
 Moreover, the settlement agreement resolved any controversy surrounding Burkley's original discharge. "There is therefore no case or controversy touching the discharge and over the merits of which either [the Board] or this court might exercise jurisdiction." 692 F.2d at 1380. We therefore affirm the Board's decision dismissing Burkley's appeal pursuant to the parties' settlement agreement.