69 F.3d 555
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry M. PICOT, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 95-3618.
 United States Court of Appeals, Federal Circuit.
 Oct. 27, 1995.
 
 Before MICHEL, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Larry M. Picot challenges the decision of the Merit Systems Protection Board (Board), Docket No. PH-0731-95-0222-I-1, in which the Board upheld the dismissal of Picot's appeal based upon a settlement agreement. We affirm.
 
 DISCUSSION
 
 2
 Picot was previously employed as a County Supervisor with the Farmers Home Administration (FmHA). He resigned from that position in 1991 while under investigation for embezzlement in connection with his employment. He was subsequently convicted under 18 U.S.C. Sec. 657 for embezzling FmHA funds while working for the agency.
 
 
 3
 In 1994, Picot began contacting the FmHA regarding employment vacancies, but he was told he was unsuitable for employment based upon his previous conviction. Picot appealed that suitability determination to the Merit Systems Protection Board in November of 1994.
 
 
 4
 Before an initial decision was rendered on his appeal, Picot entered into a settlement agreement with the FmHA in which he agreed to dismiss his appeal. The parties entered the agreement into the record for enforcement by the Board. Finding the agreement lawful, and finding that the parties entered it voluntarily and with an understanding of its terms, the administrative judge enforced the agreement by dismissing Picot's appeal.
 
 
 5
 Picot now claims that he did not understand or assent to the terms of the agreement. The record, however, fully supports the administrative judge's findings to the contrary. Having cited no evidence that the agreement was tainted by fraud or mutual mistake, Picot has not met his burden of showing the Board abused its discretion in upholding the dismissal of his appeal. See Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982).