70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James W. DEATON, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 95-3655.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1995.
Rehearing Denied Dec. 7, 1995.
 
 Before NEWMAN, LOURIE, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 James W. Deaton seeks review of the April 17, 1995 decision of the Merit Systems Protection Board (MSPB), Docket No. AT0752950430-I-1, which dismissed Deaton's appeal for lack of a pending case or controversy. The initial decision became final on June 20, 1995, when the MSPB denied Deaton's petition for review. We affirm.
 
 
 2
 Deaton has a longstanding dispute with the Department of Agriculture (Department), his employer. Deaton contends that a research project studying the pathogenicity and transmission of salmonella enteritidis in commercial chicken flocks posed a danger to the surrounding community. The research project was transferred to another facility, and Deaton was reassigned to another position. He challenged the action against him as a violation of the Whistleblower Protection Act. That challenge was fully litigated, adversely to Deaton at every turn. Deaton v. Department of Agriculture, 979 F.2d 217 (Fed.Cir.1992) (table), cert. denied, 113 S.Ct. 1268 (1993). Deaton's attempt to reopen that dispute in a subsequent appeal to the MSPB was dismissed on April 20, 1994, as barred by res judicata.
 
 
 3
 Deaton's current dispute with the Department arises from the Department's decision to suspend him for 45 days for insubordination.* Deaton appealed that decision to the MSPB. Before a decision was reached on that appeal, Deaton and the Department entered into a settlement agreement pursuant to which Deaton agreed to the dismissal of his appeal. The administrative judge before whom Deaton's appeal was pending determined that the settlement agreement was voluntarily agreed to and understood by both sides, and dismissed the appeal.
 
 
 4
 Deaton then petitioned for review to the MSPB, contending that the settlement agreement is tainted by fraud. Fraud is one of the grounds upon which a settlement agreement can be upset. Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982). Deaton argued that the unwillingness of the administrative judge to consider the merits of the earlier disputed salmonella episode in connection with Deaton's appeal of his 45 day-suspension rendered the settlement agreement unenforceable. In Deaton's view, the administrative judge caused the story about the salmonella episode to be concealed, and such concealment is fraudulent. The MSPB rejected Deaton's argument, and he petitioned this court for review.
 
 
 5
 We, too, reject Deaton's argument. At a prehearing conference on Deaton's 45-day suspension appeal, the administrative judge observed that the merits of Deaton's previous dispute about the salmonella episode had been fully adjudicated, adversely to Deaton, and that the doctrine of res judicata barred further judicial consideration of that matter. Deaton's views about the previous dispute are hardly concealed by the correct observation of the administrative judge; indeed, those views are now a matter of public information.
 
 
 6
 Because Deaton has failed to demonstrate that the settlement agreement is in any way tainted by fraud, he has not met his burden to show that the MSPB's decision dismissing his appeal is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1994). The decision of the MSPB is therefore affirmed.
 
 
 
 *
 Deaton's recent submissions concerning asserted retaliatory actions are not subject to this court's review. The only issue before us relates to the settlement agreement and the MSPB decision based thereon