5 F.3d 1503
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James A. HOUSTON, Petitioner,
v.
DEPARTMENT OF THE TREASURY, Respondent.
 No. 93-3207.
 United States Court of Appeals, Federal Circuit.
 July 15, 1993.
 
 Before ARCHER, MICHEL and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 James A. Houston petitions for review of the October 20, 1992 decision of the Administrative Judge (AJ) in Merit Systems Protection Board (MSPB or Board) Docket No. SL0752920359I1. The AJ's decision became the final decision of the MSPB on January 12, 1993, when the full Board denied Mr. Houston's petition for review. In his decision, the AJ dismissed Mr. Houston's appeal of his removal from his position with the Internal Revenue Service (IRS or agency) after Mr. Houston and the agency entered into a settlement agreement. We affirm.
 
 DISCUSSION
 
 2
 Prior to his removal, which was effective May 30, 1991, Mr. Houston was employed as a Tax Examining Clerk with the IRS's Memphis Service Center in Memphis, Tennessee. The agency proposed to remove Mr. Houston for failure to respond to the directions of his supervisors, based upon his failure to attend refresher training classes or, having missed those classes, to attend new-hire training classes. Mr. Houston filed a discrimination complaint regarding his termination and other allegedly discriminatory actions against him by the agency.
 
 
 3
 On June 10, 1992, the agency determined that there had been no discrimination against Mr. Houston. On June 29, 1992, Mr. Houston filed with the MSPB an appeal of the agency's final decision to remove him from service. Subsequently, during the course of a hearing conducted by the AJ, the parties reached a settlement, the terms of which were incorporated into the record. In response to questioning by the AJ, Mr. Houston affirmed that he was entering into the settlement agreement freely and voluntarily. Both parties then signed the settlement agreement. As part of the settlement agreement, among other things, the agency rescinded the removal and issued in its place a 90-day suspension. Thereafter, on October 20, 1992, the AJ dismissed the appeal, based upon the settlement agreement.
 
 
 4
 This Court's standard of review of an MSPB decisions is narrowly defined by statute. We must affirm the decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 Mr. Houston contends that he agreed to the settlement as a result of fraud by the agency. As we noted in Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982), a petitioner attacking the validity of a settlement agreement must show that the agreement was the result of fraud or mutual mistake. Mr. Houston's bare allegation of fraud, absent any evidence thereof, does not suffice. Neither is there evidence of any mutual mistake.
 
 
 6
 Like Asberry, Mr. Houston was present when the terms of the settlement agreement were read into the record. Appendix, pp. 91-93. The AJ asked Mr. Houston whether the terms of the agreement read into the record were as he understood them to be and if he agreed with those terms. Mr. Houston answered in the affirmative. Appendix, p. 93. The AJ then asked Mr. Houston if he was entering into the agreement freely and voluntarily, and again Mr. Houston answered in the affirmative. Id. By signing the agreement, Mr. Houston again acknowledged that he had read, and understood and agreed with, all the provisions of the agreement and that he was voluntarily and willingly entering into it. Id. In the absence of any evidence of fraud or bad faith on the agency's part, that ends the case. Asberry, 692 F.2d at 1381.
 
 
 7
 Mr. Houston makes several arguments as to why he believes his underlying appeal, which he is seeking to have reinstated, should succeed. These arguments are irrelevant, however, to the issue on appeal: validity of the settlement agreement. Accordingly, we do not address them.