74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. HOUSTON, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 95-3765.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1996.
 
 Before ARCHER, Chief Judge, RICH and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James A. Houston seeks review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SL1221950254-W-1, which dismissed Mr. Houston's Individual Right of Action (IRA) appeal for lack of jurisdiction. Because Mr. Houston has failed to allege facts that could constitute a basis for Board jurisdiction, we affirm.
 
 BACKGROUND
 
 2
 Effective May 31, 1991, the agency removed Mr. Houston from his position as a tax examining clerk based on a charge of failure to respond to the directions of his supervisors. During Mr. Houston's appeal, he and the agency in 1992 entered into a settlement agreement and the MSPB dismissed the appeal. Mr. Houston challenged the dismissal, alleging that the settlement agreement was void due to fraud and mutual mistake. The Board denied the petition for review and the Federal Circuit affirmed, holding that the settlement agreement was valid. Houston v. Department of the Treasury, No. 93-3207, 1993 U.S.App. LEXIS 18030, 5 F.3d 1503 (Fed.Cir. July 15, 1993) (nonprecedential).
 
 
 3
 The settlement agreement called for Mr. Houston to report to work on January 4, 1993; Mr. Houston waived any right to appeal to the Board should he be removed for insubordination or for being absent without leave within two years. Mr. Houston did not report to work on January 4, 1993, and the agency removed him from service effective January 15, 1993. Mr. Houston appealed this removal. The MSPB dismissed the appeal because of the waiver of appeal rights. The Federal Circuit affirmed. Houston v. Department of the Treasury, No. 94-3069, 1994 U.S.App. LEXIS 18030 (Fed.Cir. June 10, 1994) (summary affirmance). Mr. Houston also petitioned for enforcement of the settlement agreement; again, the agency was found by the Board to be in compliance or the issue was determined to be outside the scope of the settlement agreement. The Federal Circuit affirmed the Board's decisions. Houston v. Department of the Treasury, No. 95-3602, 68 F.3d 488 (Fed.Cir. Oct. 18, 1995) (summary affirmance); Houston v. Department of the Treasury, No. 94-3395 (Fed.Cir. Oct. 11, 1994) (summary affirmance).
 
 
 4
 The present appeal derives from an Individual Right of Action complaint that Mr. Houston filed on October 6, 1994 with the MSPB Office of Special Counsel, asserting that the agency took retaliatory actions against him because of his whistleblowing activities. The OSC took no action, and Mr. Houston appealed to the MSPB. According to Mr. Houston, the agency acted in retaliation by: (1) removing him on May 31, 1991; (2) removing him on January 15, 1993; (3) refusing to release his records to the Office of Personnel Management; (4) providing misinformation to the Tennessee State Department of Unemployment Security in order to deny him unemployment benefits; (5) forcing him into a two-year appeal process; and (6) lying in March 1994 that his wages were reported to OPM in order to get a favorable ruling from the Board. The Board held that it lacked jurisdiction to consider Mr. Houston's IRA appeal because four of the acts complained of are not appealable personnel actions and thus not amenable to relief under the Whistleblower Protection Act and appeal of the two removals is barred by res judicata or, alternatively, the waiver of appeal rights in the 1992 settlement agreement.
 
 DISCUSSION
 
 5
 An MSPB decision is reviewed to determine whether it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 6
 The retaliatory acts Mr. Houston complains of appear to have been taken, in part, before his 1993 removal and his unsuccessful appeals to the Board and the Federal Circuit. To the extent that these actions have already been litigated in connection with past appeals, relitigation is barred by res judicata. Montana v. United States, 440 U.S. 147, 153 (1979). To the extent that they were not raised, they can not now provide relief from past personnel actions for which the appellate process has been exhausted. Brown v. Felsen, 442 U.S. 127, 131 (1979).
 
 
 7
 For any retaliatory actions taken after Mr. Houston's separation from service, unless they relate to an adverse personnel action subject to the Board's and this court's jurisdiction, the Whistleblower Protection Act does not provide a remedy of appeal to the MSPB and this court. Mr. Houston has not directed our attention to any adverse personnel action that has not now been fully litigated or for which appeal was not barred by the terms of the settlement.
 
 
 8
 The government's request for sanctions is denied.
 
 
 9
 No costs.