79 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Armando A. JARDINE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3014.
 United States Court of Appeals, Federal Circuit.
 March 8, 1996.
 
 Before NEWMAN, MICHEL, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Armando A. Jardine seeks review of the decision of the Merit Systems Protection Board, No. NY0752950439-I-1, dismissing his appeal as settled. Mr. Jardine alleges that there was a mutual mistake made when he entered into a settlement agreement with the United States Postal Service, which renders the agreement invalid. We affirm the decision of the Board.
 
 BACKGROUND
 
 2
 On January 26, 1995, following Mr. Jardine's failure to account for his lengthy absence from service, the United States Postal Service notified Mr. Jardine of his removal. Mr. Jardine made a timely appeal to the Board.
 
 
 3
 Prior to the scheduled hearing, Mr. Jardine settled his case with the Postal Service. During a prehearing conference, the parties moved to incorporate the settlement agreement into the record and to dismiss the appeal. Both parties stated that the terms of the agreement had been discussed and were understood by them. Finding the settlement agreement lawful on its face and to have been freely reached by the parties, the administrative judge entered the settlement agreement into the record and dismissed the appeal.
 
 
 4
 Mr. Jardine subsequently filed a petition for review with the full Board. He sought to have the settlement agreement set aside on the ground that it was tainted with fraud and mistake. Pursuant to 5 C.F.R. § 1201.115(d), the Board denied the petition for review. This appeal followed.
 
 
 5
 We have stated that "those who employ the judicial appellate process to attack a settlement agreement through which controversy has been sent to rest bear a properly heavy burden." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982). Mr. Jardine has the burden of showing that the settlement agreement was, as he alleges, tainted by fraud or unlawfulness. Moreover, we may set aside only those decisions of the Board that are shown to be arbitrary, capricious, an abuse of discretion, unlawful, or unsupported by substantial evidence. 5 U.S.C. § 7703(c). The controlling question is whether Mr. Jardine has shown that the settlement agreement was tainted such that the Board's refusal to set it aside constituted an abuse of discretion. Asberry, 692 F.2d at 1380.
 
 
 6
 Mr. Jardine has made no showing of fraud or mistake. He states that neither his counsel nor the Postal Service counsel was prepared at the prehearing conference at which the agreement was entered into the record. The agreement had already been completed and signed by both parties. Mr. Jardine does not state that his signature was unwilling, unknowing or otherwise involuntary. The record shows that Mr. Jardine accepted the settlement agreement voluntarily, with the advice and representation of counsel. We conclude that the Board did not abuse its discretion by declining to set aside the settlement agreement between Jardine and the Postal Service.
 
 
 7
 No costs.