92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fidencio A. PEREZ, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 96-3172
 United States Court of Appeals, Federal Circuit.
 July 16, 1996.
 
 Before ARCHER, Chief Judge, MICHEL, and SCHALL, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Fidencio A. Perez (Perez) appeals the February 15, 1996 decision of the Merit Systems Protection Board (board), No. SE-0752-95-0325-I-1, denying review of the decision of the Administrative Judge (AJ) which dismissed Perez's appeal because he entered into a settlement agreement providing for withdrawal of the appeal. We affirm.
 
 DISCUSSION
 
 2
 On June 15, 1995, Perez challenged his removal from the position of Supervisory Distribution Facilities Specialist with the Army's Pusan Storage Facility in Pusan, Korea. The Army had removed Perez after determining that Perez had sexually harassed two female employees under his supervision, made a false sworn statement, and taken action in reprisal against the employees who had accused him of harassment.
 
 
 3
 On August 31, 1995, during a telephone conference with the AJ, the parties negotiated a settlement of this matter. The settlement agreement was filed with the board on September 1, 1995. The agreement was signed on behalf of Perez by his attorney, Arthur R. Silen. The settlement agreement stated that Perez would withdraw his appeal with prejudice and the Army would mitigate Perez's removal to a 75 day suspension, without pay, and a reduction in grade.
 
 
 4
 On September 1, 1995, finding the settlement agreement lawful on its face and freely reached by the parties, the AJ entered the settlement agreement into the record and dismissed Perez's appeal. On October 16, 1995, Perez filed a petition for review with the full board. On February 15, 1996, the initial decision became the final decision when the board denied Perez's petition for review pursuant to 5 C.F.R. § 1201.115. Perez now appeals to this court.
 
 
 5
 We have held that "those who employ the judicial appellate process to attack a settlement agreement through which controversy has been sent to rest bear a properly heavy burden." Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982). Moreover, pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the board unless it is (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. In order to succeed in his petition for review, Perez must prove that the settlement agreement was "tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted" such that the board's refusal to set it aside constituted an abuse of discretion. Asberry, 692 F.2d at 1380 ( quoting Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630 (1948)).
 
 
 6
 In attacking the settlement, Perez contends that he was pressured into signing the settlement agreement because of his personal economic circumstances.[1] He claims that he would have lost his job and been unable to support his family had he refused to settle the matter. We find Perez's economic duress argument unpersuasive.
 
 
 7
 Perez accepted the settlement with full information, voluntarily and with the representation of counsel. The fact that Perez had to make a difficult choice between two unappealing options is not a sufficient basis to set aside the settlement agreement. "Every loss of employment entails financial hardship. If that alone were sufficient to establish economic duress, no settlement involving it would ever be free from attack." Asberry, 692 F.2d at 1381. Thus, Perez has failed to meet his burden of proving that board abused its discretion in refusing to set aside the settlement.
 
 
 8
 In addition, Perez's claims that he was denied his right to counsel and due process are without merit. In fact, Mr. Silen, Perez's attorney, actually signed the settlement agreement on Perez's behalf. This court has previously established that "a litigant is bound by the authorized actions of his representative." Amin v. Merit Sys. Protection Bd., 951 F.2d 1247, 1254 (Fed.Cir.1991). Perez's mere dissatisfaction with the agreement is not a sufficient basis to set aside the settlement. Id.
 
 
 9
 For these reasons, we conclude that the board did not abuse its discretion in refusing to set aside the settlement agreement. The board's decision is affirmed.
 
 
 
 [1]
 Perez also claims that the board committed legal error by not accepting and considering the "new evidence" presented by Perez. However, Perez does not explain what evidence or argument the board failed to consider. Perez's conclusory assertions alone cannot support reversal of the board decision