101 F.3d 716
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dale E. BOYCE, Petitioner,
v.
DEPARTMENT of the Navy, Respondent.
 No. 96-3335.
 United States Court of Appeals, Federal Circuit.
 Nov. 21, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN and MICHEL, Circuit Judges.
 NEWMAN, Circuit Judge.
 
 
 1
 Dale E. Boyce seeks review of a decision of the Merit Systems Protection Board, Docket No. SF1221940327C-1, denying his petition to enforce a written settlement agreement. We affirm the Board's decision.
 
 BACKGROUND
 
 2
 Mr. Boyce works as a welder, WG-10, at the United States Marine Corps Logistics Base in Barstow, California. On March 9, 1994 Mr. Boyce filed an individual right of action (IRA) appeal at the Board seeking corrective action for the agency's alleged failure to promote him to the position of welder leader in reprisal for protected whistleblowing activities. The parties settled the IRA appeal on June 20, 1994. The Board incorporated the settlement agreement into the record for enforcement purposes and dismissed Mr. Boyce's appeal. In the settlement agreement, the agency agreed, inter alia, that:
 
 
 3
 If or when, any position of Welder Leader, WL-3703-10, becomes vacant and it is to be filled by the Merit Staffing Procedures under Base Order 12335.1E, and appellant submits an application for the Welder Leader vacancy, and if the appellant is one of the qualified candidates referred to the selecting official, the following procedure will be used....
 
 
 4
 On October 24, 1995 Mr. Boyce inquired whether the agency intended to fill a temporary welder leader position that had been vacated on October 20, 1995. On November 2, 1995 the agency advised Mr. Boyce that the temporary position would not be filled. On November 17, 1995 Mr. Boyce petitioned the Board for enforcement of the settlement agreement, asserting that the agency's decision not to fill the temporary position breached the agreement. The MSPB held that the settlement agreement did not require the agency to fill the position and denied Mr. Boyce's petition. This appeal followed.
 
 DISCUSSION
 
 5
 Mr. Boyce's appeal raises only one issue--whether the agreement settling his IRA appeal required the agency to fill the temporary welder leader position vacated on October 20, 1995. Interpretation of a contract is a question of law that we review de novo.
 
 
 6
 The phrase "if or when" in the contract provision does not require the agency to fill a vacant position of welder leader. The phrase "if or when" conditions, rather than compels, the agency's obligation. Wells Fargo Bank, N.A. v. United States, 88 F.3d 1012, 1019 (Fed.Cir.1996). The agency, by not filling the position at all, did not meet the threshold condition of its obligation to give Mr. Boyce fair consideration. The settlement does not require the agency to fill all positions that may become vacant. The Board's denial of the petition is affirmed.
 
 
 7
 Mr. Boyce also requests a hearing on the merits of his IRA appeal, based on his assertion that the agency breached the settlement agreement. We have concluded, however, that the agreement was not breached. Mr. Boyce has not directed us to any other ground of invalidity of the contract. See Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982).