**Deborah G. SCHWARZ, Petitioner,**

v.

**FEDERAL MEDIATION AND CONCILIATION SERVICE, Respondent.**

**No. 01–3040.**

United States Court of Appeals, Federal Circuit.

DECIDED: July 16, 2001.

Before MAYER, Chief Judge, RADER and LINN, Circuit Judges.

PER CURIAM.

Deborah G. Schwarz seeks review of the February 22, 1999 decision of the Merit Systems Protection Board, MSPB Docket No. DC0752990087–I–1, 86 M.S.P.R. 692, denying her appeal for lack of jurisdiction. We *affirm.*

Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

"Those who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden." *Asberry v. United States Postal Serv.,* 692 F.2d 1378, 1380 (Fed.Cir.1982). Schwarz must therefore show that "the contract [s]he has made is tainted with invalidity, either by fraud practiced upon [her] or by a mutual mistake under which both parties acted." *Id.* On appeal, Schwarz alleges neither fraud nor mutual mistake. Instead, she alleges that the government's breach of the settlement agreement serves to invalidate it. Substantial evidence in the record supports the board's finding that Schwarz was neither defrauded nor mistaken in the execution of the agreement.

Schwarz also maintains that the settlement agreement is invalid because the clause requiring waiver of all of her claims, including those under the Age Discrimination in Employment Act (ADEA), did not provide the statutory 7–day revocation period. The revocation requirement, however, only pertains to the validity of a waiver of any claims under the ADEA. 29 U.S.C. § 626(f) (1994). She presents no ADEA claim in the present appeal.