Billy G. ASBERRY, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

Appeal No. 53–81.

United States Court of Appeals, Federal Circuit.

Nov. 12, 1982.

John Paul Jones, Oakland, Cal., for petitioner.

David Nerkle, Washington, D.C., for respondent. With him on the brief were Asst. Atty. Gen. J. Paul McGrath, Sherry A. Cagnoli, Ass't. Gen. Counsel, and Lori Joan Dym.

Before MARKEY, Chief Judge, and FRIEDMAN and RICH, Circuit Judges.

MARKEY, Chief Judge.

Asberry petitions for judicial review of a Merit Systems Protection Board (MSPB) Order of June 3, 1981 denying Asberry's Petition to Review an earlier decision dismissing his appeal in view of settlement. We affirm the order.

## Background

By letter dated August 28, 1980, Asberry received notice from the United States Postal Service (Agency) of a proposal to discharge him from his employment as mailhandler, primarily because of irregular attendance. Asberry was removed from his job on September 29, 1980. On October 17, 1980, Asberry appealed to MSPB. A prehearing conference was held on January 13, 1981, during which the Agency offered to settle the matter by reinstating Asberry, with the time between removal and reinstatement considered as suspension time. Asberry was also to submit to a fitness for duty examination and to participate in programs for alcohol or drug abuse rehabilitation if necessary. Asberry, accompanied by a union representative, accepted the Agency's offer.

The presiding official at the hearing described in detail the terms of the settlement and asked if that description was accurate. All, including Asberry, responded unequivocally that it was. On February 17, 1981, the presiding official issued a decision dismissing Asberry's appeal for lack of jurisdiction, the matter having been satisfactorily resolved between the parties. Absent filing of a petition for review before March 24, 1981, the decision would become a final decision of MSPB on that date.

By letter of March 16, 1981, Asberry petitioned MSPB for review. In a second letter, dated May 20, 1981, Asberry discussed the merits of the original charges against him and the financial hardship he was suffering at the time of the settlement.

In a June 3, 1981 Order, MSPB denied the petition because Asberry's appeal, having been rendered moot by the settlement, was properly dismissed on February 17, 1981. MSPB further noted that nothing in the petition cast doubt on the propriety of dismissal, citing 5 C.F.R. § 1201.115 (1982).[1] Asberry seeks judicial review of that June 3, 1981 Order and back pay for the period of suspension.

### Issue

Whether MSPB's Order of June 3, 1981 was properly issued.

### OPINION

■ Those who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden. "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Callen v. Pennsylvania Railroad Co.*, 332 U.S. 625, 630, 68 S.Ct. 296, 298, 92 L.Ed. 242 (1948).

■ The settlement fully resolved the basic controversy surrounding Asberry's original discharge. There is therefore no case or controversy touching the discharge and over the merits of which either MSPB or this court might exercise jurisdiction.

■ This court does, however, have jurisdiction to "set aside any agency action", 5 U.S.C. § 7703(c) (Supp. V 1981),[2] and the present "appeal" is an attempt to compel MSPB to reopen the case.[3] The controlling question is thus whether MSPB abused its discretion in entering its order of dismissal of June 3, 1981, and that question turns on whether Asberry had shown that "the contract he has made is tainted with invalidity", *Callen*, supra, such that the refusal to vacate the settlement constituted such abuse.[4]

There is not the slightest evidence, and Asberry cites none, that could remotely indicate that MSPB's Order resulted in any manner from an abuse of discretion. The dispute having been settled, there was and

---

1. 5 C.F.R. § 1201.115 provides:

   The petition for review shall set forth objections to the initial decision, supported by references to applicable laws or regulations, and with specific references to the record. After providing an opportunity for response by other parties, the Board may grant a petition for review when it is established that:

   (a) New and material evidence is available that, despite due diligence, was not available when the record was closed; or

   (b) The decision of the presiding official is based on an erroneous interpretation of statute or regulation.

2. 5 U.S.C. § 7703(c) provides:

   In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

   (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

   (2) obtained without procedures required by law, rule, or regulation having been followed; or

   (3) unsupported by substantial evidence;
   . . .

3. Asberry's brief indicates a desire to overturn only part of the settlement, i.e., the portion involving suspension, while retaining that portion resulting in his reinstatement. At oral argument, counsel agreed that the settlement, if overturned at all, must be overturned in its entirety and could not be re-written for the parties by the court. Whether vacating the entire settlement would be a disservice to Asberry need not be decided in view of our disposition of the case.

4. Asberry asserted in his March 16, 1981 letter to the MSPB that: similarly situated employees were granted leave and not charged with excessive absence; he waited four months for a hearing; excessive absence was not substantiated by his attendance record; the disciplinary action was severe and unwarranted. In his May 20, 1981 letter to the MSPB, he asserted that he was removed without exhaustion of all disciplinary measures and that his financial situation was, and continued to be, very unstable. None of those assertions relates to the validity of the settlement and none is before us.

is simply no basis on which MSPB could have vacated the February 17, 1981 dismissal entered in recognition of that settlement.[5] There being no evidentiary record, no new evidence unavailable at the time of settlement, and no interpretation of statute or regulation involved, there was simply no way in which Asberry's petition could have met the requirements of 5 C.F.R. § 1201.-115, supra, note 1, or in which MSPB could have granted that petition under subsection (a) or (b) of that regulation.

In attacking the settlement, Asberry alleges here that he was forced to enter it by economic duress, that it did not reflect the total record, and that it did not resolve an issue of back pay for the period of suspension.

No basis exists for Asberry's allegation of economic duress. Asberry accepted the settlement with full information, voluntarily, and in the company of a union representative. He knew at the time of his financial position. Every loss of employment entails financial hardship. If that alone were sufficient to establish economic duress, no settlement involving it would ever be free from attack. "In order to successfully defend on the ground of force or duress, it must be shown that the party benefited thereby constrained or forced the action of the injured party, and even threatened financial disaster is not sufficient." *DuPuy v. United States,* 67 Ct.Cl. 348, 381 (1929), *cert. denied,* 281 U.S. 739, 50 S.Ct. 346, 74 L.Ed. 1153 (1930); *Fruhauf Southwest Garment Co. v. United States,* 111 F.Supp. 945 (Ct.Cl.1953). Nor would duress be implied if the present settlement had been the result of a hard bargain. *Aircraft Associates & Mfg. Co. v. United States,* 357 F.2d 373, 378 (Ct.Cl.1966). Asberry makes no showing of wrongful conduct necessary to shift the burden of proof on the allegation of economic duress. *LaCrosse Garment Mfg. Co. v. United States,* 432 F.2d 1377, 1382

(Ct.Cl.1970). On the contrary, the settlement benefitted Asberry as much or more than it did the Agency.

Asberry next says the settlement reflects an incomplete record because it fails to include a statement made to him in the hallway about his right to appeal concerning back pay. However, Asberry was present and participated in production of the record. When the presiding official had reviewed each settlement provision, and had asked all parties whether he had stated a satisfactory summary, Asberry agreed that he had. If the alleged hallway statement were in fact made, and if the record as a result be incomplete, Asberry's concurrence in the settlement caused that circumstance. Further, because the alleged hallway statement would have necessarily been known to Asberry at the time of the hearing, it cannot be the "[n]ew and material evidence ... not available when the record was closed" required by 5 C.F.R. § 1201.-115. Note 1, supra.[6]

Asberry's allegation that the settlement is incomplete because it failed to dispose of a back pay issue is spurious. There was no such issue. Suspension is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. § 7501(2) (Supp. V 1981), made applicable by 5 U.S.C. § 7511(2) (Supp. V 1981). Asberry had personal knowledge of that meaning, having been previously suspended for five days. Thus Asberry knew when he concurred in the settlement that its provision for a period of suspension meant that he would not be paid for that period, and he knew when he compelled the services of this court and its staff that the settlement was *not* incomplete for failure to dispose of any back pay issue.

■ This case involves a typical settlement situation in which each party gives up

---

**5.** No appeal from the February 17, 1981 decision was filed in any court within 30 days. 5 U.S.C. § 7703(b)(1) (Supp. V 1981). Hence, no court has jurisdiction to review that particular decision.

**6.** Asberry made no motion to correct the record. 5 C.F.R. § 1201.53(b) provides:

*Corrections.* Corrections to the official transcript will be permitted upon motion. Motions for corrections must be submitted within ten days of the receipt of the transcript....

something in order to terminate the dispute without further litigation. The government gave up its right to make its discharge of Asberry permanent, and Asberry gave up his right to back pay during his suspension. Having voluntarily accepted the settlement and its benefits, Asberry is equitably estopped to attack it.

 Analysis of Asberry's contentions compels the conclusion that his appeal is frivolous. The filing of and proceeding with clearly frivolous appeals constitutes an unnecessary and unjustifiable burden on already overcrowded courts, diminishes the opportunity for careful, unpressured consideration of nonfrivolous appeals, and delays access to the courts of persons with truly deserving causes.

Rule 38 of the Federal Rules of Appellate Procedure provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

Rule 38 has been held to justify the award of damages and attorney's fees in favor of the United States. *See United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, at 381 (2d Cir.1982). Because this appeal has entailed a waste of the resources supplied by the public to this court, and has impeded access to the court of those having at least an arguable basis for appeal, we assess in favor of the government and jointly and severally against Asberry and his lawyer, John Paul Jones, costs and attorney's fees in the amount of $500.

Before the creation of this court on October 1, 1982, neither of its predecessor courts had adopted Rule 38 of the Federal Rules of Appellate Procedure, or other rule providing for award of damages or costs in appeals determined by the court to have been frivolous. Nor had either court entered such an award. In light of those facts, appellants and counsel in cases originally filed in those courts may not have fully realized that the injury inflicted on the administration of justice by frivolous appeals was recognized in the Rules of Appel-

late Procedure, or that those Rules would govern proceedings in this court. Though the present appeal would be for that reason no less frivolous, we consider it appropriate under all the circumstances to remit the costs and attorney's fees imposed in this case.

 After the date of this opinion, a frivolous appeal filed or proceeded with in this court,[7] will result in imposition of damages and costs upon appellant and counsel in accordance with Rule 38.

AFFIRMED.

---

**7.** Proceeding with a frivolous appeal after filing is applicable to appeals now on file and includes the filing of a brief, or, where briefs have been filed, submission of the case with or without oral argument.