826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John A. BLACK, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3285
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and SMITH, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. NY07528510636-1, dated January 28, 1987, denying review of the administrative judge's decision of August 5, 1986, which dismissed the appeal of John A. Black (Black) due to a settlement agreement reached by the parties, is affirmed.
 
 OPINION
 
 2
 The only issue before this court is whether the board abused its discretion in dismissing Black's appeal. "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed. Cir. 1982), (quoting Callen v. Pennsylvania R.R., 332 U.S. 625, 630 (1948)). Black contends here that there was no settlement agreement. Yet, in his appeal to the board for review of the administrative judge's decision, he admitted that he freely entered into the settlement agreement. He offers no reason for his claim that there was not a settlement agreement. Black has not shown that the settlement was tainted by invalidity and, thus, has not shown that the board abused its discretion.