940 F.2d 677
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
lcus G. CROMARTIE, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 91-3179.
 United States Court of Appeals, Federal Circuit.
 July 22, 1991.
 
 Before PAULINE NEWMAN, MAYER and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Alcus G. Cromartie (appellant) appeals the decision of the Merit Systems Protection Board (MSPB) in Cromartie v. Department of the Air Force, No. SF043289C0622 (Aug. 9, 1990) (petition for review denied, Jan. 4, 1991). The MSPB denied appellant's petition seeking enforcement of the settlement agreement entered into to resolve appellant's earlier appeal of his demotion and removal by the Department of the Air Force (agency). The MSPB found that the agency had complied with the settlement agreement. We affirm.
 
 OPINION
 
 2
 Appellant originally filed with the MSPB an appeal of the agency's decisions to demote and remove him from his position as an engineer at the Air Force Astronautics Lab, at Edwards Air Force Base, California. The parties' settlement agreement resolved that appeal. The agreement gave appellant a 90-day temporary appointment at another division of the agency in exchange for his abandonment of any MSPB and EEO appeal rights as to events occurring prior to the date of that agreement. After the 90-day position, and assuming satisfactory performance, the agency was to consider appellant for any permanent positions existing and available within that division. Appellant successfully completed the 90-day period but, despite having submitted numerous applications, was unable to secure further employment within the Department of Defense (DOD).
 
 
 3
 Appellant subsequently petitioned the MSPB to enforce compliance with the settlement agreement. He contended that the agency failed to inform him at the time of the agreement that his temporary status rendered him ineligible to apply for positions classed as career-conditional (positions open only to employees in regular status), and that there was a general hiring freeze in effect at the DOD at that time. The MSPB denied the petition. The Administrative Judge (AJ) held that the agency had allowed appellant the opportunity to apply for positions, as was required under the agreement, and that the agreement explicitly did not guarantee or promise appellant any continued employment. The AJ further found that the clear purpose of the agreement was to provide appellant a 90-day period with pay while he searched for permanent employment, and that the agency fully complied with the terms of the agreement.
 
 
 4
 Mr. Cromartie argued to this court that he should not have been terminated at the end of his 90-day temporary appointment, and that the settlement agreement was merely a scheme the agency used to fulfill their purpose of getting rid of him and his appeal. Mr. Cromartie asks this court to reopen and consider this matter, in the pursuit of justice.
 
 
 5
 When reviewing a decision of the MSPB, this court must affirm that decision unless it is found to be:
 
 
 6
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 8
 3) unsupported by substantial evidence.
 
 
 9
 See 5 U.S.C. Sec. 7703(c) (1988); Covington v. Department of Health and Human Services, 750 F.2d 937, 941 (Fed.Cir.1984).
 
 
 10
 Although Mr. Cromartie eloquently pled his case before this court, we cannot review his cause anew. Rather, our review is limited to determining whether the MSPB decision violates the standard of review described above. Our case law holds that "[o]ne who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982) (quoting Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630 (1948)). The MSPB in this case upheld the agency's procurement of, and compliance with, the settlement agreement, in the writing of which Mr. Cromartie was represented by counsel. The MSPB determined, in effect, that neither fraud nor mutual mistake was involved. In light of that determination and the record before us, we cannot conclude that the MSPB decision violated our standard of review. We must therefore affirm.