16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Edgar M. NASSY, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 93-3445.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1993.
 
 Before NEWMAN, MICHEL, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edgar M. Nassy petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT0752900276-C-2 (July 15, 1993). By decision in Nassy v. Department of the Army, MSPB Docket No. AT07529010276 (May 31, 1990) the Board dismissed Mr. Nassy's 1990 appeal of his removal because the parties had entered into a settlement agreement on April 25, 1990. Mr. Nassy's present appeal was treated by the Board as a petition for enforcement since the matters he raised relate back to his prior appeal, which was settled. Based on Mr. Nassy's failure now to produce evidence that the agency is in noncompliance with the terms of the settlement agreement, the Board denied this petition. Mr. Nassy requests that this Court reopen the case, and review the facts that preceded entry into the settlement agreement in April 1990.
 
 DISCUSSION
 
 2
 "An agreement between an agency and a petitioner settling their dispute is a final and binding resolution of an appeal in the MSPB." Perry v. Department of the Army, 992 F.2d 1575, 1577 (Fed.Cir.1993) (citing 5 C.F.R. Sec. 1204.41(c)(2) (1992)). To set aside the settlement agreement Mr. Nassy must demonstrate that "the contract he made is tainted with invalidity, either by fraud practiced upon him or by mutual mistake under which both parties acted." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982) (citing Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630 (1948)).
 
 
 3
 The settlement agreement required the Agency to submit a worker's compensation claim for Mr. Nassy and help him apply for disability retirement. Mr. Nassy had filed a petition for enforcement of the settlement agreement on April 3, 1991, claiming that the agency had not assisted him in applying for disability retirement. The Board determined that the agency had complied with the terms of the agreement.
 
 
 4
 The record does not show that Mr. Nassy ever applied for disability retirement, apparently on being told that because he had withdrawn his retirement contributions at the time of his separation from service, he was not entitled to an annuity. See 5 U.S.C. Sec. 8342(a) (Supp. IV 1992). In its 1991 decision the Board stated that "the submissions [of both parties] raise the issue whether the settlement agreement was entered into based upon a mutual mistake of fact concerning a material term." The administrative judge suggested that Mr. Nassy submit a petition for review to the Board if he believed there was a mutual mistake of fact. Mr. Nassy did not submit such a petition.
 
 
 5
 Mr. Nassy does not now argue any ground for setting aside the settlement agreement. Thus there is no basis on which we can review the merits of the initial separation from service.
 
 
 6
 The decision of the Board is affirmed.
 
 
 7
 MICHEL, Circuit Judge, concurs in the result.