91 F.3d 165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Angela S. FLOWERS, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 94-3638.
 United States Court of Appeals, Federal Circuit.
 March 16, 1995.
 
 Before MAYER, LOURIE and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Angela S. Flowers petitions for review of the final decision of the Merit Systems Protection Board which dismissed her appeal because she voluntarily entered into a settlement agreement with the Department of the Navy. The April 21, 1994, initial decision, Docket No. SE-315H-93-0085-B-1, became final when the board denied the petition for review on August 9, 1994. We affirm.
 
 
 2
 The only issue on appeal is whether Flowers voluntarily entered into the settlement agreement with the agency. "An agreement between an agency and a petitioner settling their dispute is a final and binding resolution of an appeal in the MSPB." Perry v. Department of the Army, 992 F.2d 1575, 1577 (Fed.Cir.1993). The party attacking a settlement agreement by appellate process bears a heavy burden and must generally show that the agreement is "tainted with invalidity, either by fraud ... or by a mutual mistake under which both parties acted." Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982) (quoting Callen v. Pennsylvania R.R., 322 U.S. 625, 630 (1948)).
 
 
 3
 Flowers claims the administrative judge and the agency representative coerced her to negotiate and sign the settlement agreement and that it is, therefore, invalid. Her only support for this allegation is the affidavit of her original attorney claiming the administrative judge was arrogant and threatening when he insisted that an oral agreement had been reached. Flowers, however, had the advice and presence of an attorney when she signed the final settlement agreement which was a negotiated modification of the earlier, disputed oral agreement. Both the negotiations after the disputed oral agreement and the presence of her attorney when she signed the written agreement support the administrative judge's finding that Flowers acted voluntarily. Flowers has not, therefore, overcome the presumption that the administrative judge acted fairly and neutrally in discharging his duties and has not carried the heavy burden of proving that the settlement agreement is invalid.