74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jessie D. SPICER, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 95-3613.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1996.
 
 Before PLAGER, LOURIE, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jessie D. Spicer ("Petitioner") appeals the decision of the Merit Systems Protection Board ("Board") denying Petitioner's petition to enforce a settlement agreement between Petitioner and the Air Force ("agency").[1] The Board found that Petitioner had not proven that the agency had violated the settlement agreement. We affirm.
 
 DISCUSSION
 
 2
 The agency removed Petitioner from her position as a Plans and Mobility Assistant, GS-7, with HQ 307th Red Horse Civil Engineering Squadron at Kelly Air Force Base. That position was designated as an Air Reserves Technician (ART) position. An ART position is a full-time civilian position, but one in which the employee is also a member of the Air Force Reserve unit in which she is employed. "In addition to [her] civilian assignments, [Petitioner is] assigned to equivalent positions in the reserve organization with a reserve military rank or grade." AFRES 40-2 p 2 (May 3, 1989). ART positions thus require that the employee be an active member of the Air Force Reserves, which in turn requires the employee to maintain certain weight and body-fat percentage levels. Because Petitioner failed to maintain the weight requirements for reservists, Petitioner was reassigned from Active Reserves to Inactive Reserves. As a result, Petitioner no longer met a condition of her employment, and the agency removed her.
 
 
 3
 Petitioner appealed her removal to the Board. At a hearing before the Administrative Judge (AJ), the parties entered into a settlement agreement that provided in pertinent part:
 
 
 4
 When a GS-7, dual status, position becomes available, and [sic] the 433rd Airlift Wing, for which Appellant qualifies, and she has notified the Agency's representative, that she is qualified for an ARTs position, the Agency agrees to offer the position to her within thirty days after it becomes available....
 
 
 5
 The AJ indicated that he understood that the settlement agreement "does not prevent [Petitioner] from applying for any position."
 
 
 6
 Petitioner subsequently wrote to the 433rd Airlift Wing Industrial Relations Office to apply for a civilian position in the Wing's Finance section. This position was not an ART position. Petitioner did not notify the agency that she qualified for an ART position. The agency did not offer her the job and she petitioned the Board for enforcement of the settlement agreement. The Board found that the settlement agreement only obligated the agency to offer Petitioner a position after Petitioner notified the agency that she qualified for an ART position. Because Petitioner had not notified the agency (or demonstrated in any way) that she qualified for an ART position, the Board concluded that the agency was not required to offer her the position she sought and therefore Petitioner had not shown any violation of the settlement agreement by the agency. Petitioner then appealed to this court.
 
 
 7
 On appeal, Petitioner argues primarily that she applied for a non-ART position, that the settlement agreement does not require her to notify the agency representative that she is qualified for an ART position when applying for non-ART positions, and that the agency's refusal to offer her the non-ART position on the grounds that she did not supply notice of ART qualification violates the settlement agreement.
 
 
 8
 Petitioner's premises are correct, but her conclusion is not. She is correct that the settlement agreement does not require her to notify the agency representative that she is qualified for an ART position when applying for non-ART positions. This is because the settlement agreement gives her no special entitlement to a non-ART position, and accordingly imposes no duty on her when she applies for such a position. Only if she applies for, and qualifies for, an ART position is she entitled to the preferential offer of an ART position as provided in the settlement agreement.
 
 
 9
 Thus a denial by the agency of a non-ART position cannot violate the settlement agreement, as Petitioner claims. Of course, if in denying Petitioner the non-ART position the agency violated some law, Petitioner can complain about that, but that is not her complaint here. The Board correctly held that Petitioner has not demonstrated any violation of the settlement agreement.
 
 
 10
 Finally, Petitioner asserts that she was not, in fact, assigned the dual civilian/military status that characterized a true ART position, and therefore she could not be removed or denied further civilian employment for failure to meet weight requirements applicable to ART positions. This argument is meritless. As a preliminary matter, Petitioner cites no record evidence to support the assertion that her previous position was not an ART, dual status position. To the contrary, the SF-50 promoting Petitioner to the Plans and Mobility Assistant position in September 1988 expressly states:
 
 
 11
 You occupy this position as an Air Reserve Technician. In addition to other requirements, retention is dependent upon your maintaining active reserve status in this ART position. Loss of active status for reasons within your control will provide a basis for your separation.
 
 
 12
 The record thus clearly shows that Petitioner did occupy an ART position. More importantly, the settlement agreement resolved any challenge to the correctness of Petitioner's removal and clearly established that Petitioner must qualify for an ART position before the agency is required to offer her one. Petitioner has not alleged or proven any fraud or mutual mistake that would invalidate these settlement terms. Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982).
 
 
 13
 For the foregoing reasons, we affirm.
 
 
 
 [1]
 Docket No. DA-0752-94-0567-C-1 (May 15, 1995). The decision of the Administrative Judge became the decision of the full Board when the Board denied Petitioner's Petition for Review. 5 C.F.R. Sec. 1201.113(b) (1994)