101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rex S. CALDWELL, Petitioner,
v.
NATIONAL SECURITY AGENCY, Respondent.
 No. 96-3332.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before MAYER, PLAGER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Rex S. Caldwell ("Petitioner" or "Caldwell") seeks review of the decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal in accordance with the terms of a settlement agreement reached between him and the National Security Agency ("NSA" or "agency"). In the settlement agreement, Caldwell agreed to dismiss his MSPB appeal with prejudice in exchange for the cancellation of the agency's action against him. Upon finding the settlement agreement to be voluntary, legal, and understood by the parties, the Board dismissed the appeal with prejudice. Caldwell now appeals to this Court, contending that the agreement is invalid. We affirm the Board's decision.
 
 DISCUSSION
 
 2
 During the second day of hearings in front of the MSPB, the attorneys for Caldwell and the NSA negotiated a settlement agreement outside of Caldwell's presence. After the terms of the agreement were settled, the agreement was read into the record. One of the terms provided that the agreement constituted a final resolution of all claims, defenses, and issues that Caldwell had raised or could have raised in connection with the agency's action against him. Following the reading of the agreement into the record, Caldwell was sworn in. He testified that he had worked on the agreement with his counsel, that he was satisfied with the terms of the agreement, and that he agreed to it in its entirety.
 
 
 3
 On appeal, Caldwell asserts that the settlement is invalid because he was not present in the hearing room while the agreement was being negotiated. In order to prove the settlement agreement is invalid, Caldwell bears the burden of showing that the agreement is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which he and the NSA acted. See Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982). Although he was absent from the negotiation proceedings conducted by his counsel and the counsel for the NSA, Caldwell, himself, testified that he was fully informed of the negotiated agreement and agreed to it in its entirety. Because the fact that Caldwell was not present during the negotiation proceeding does not indicate that he was under duress or coerced into the agreement and does not sound in fraud or mutual mistake, the agreement is valid.
 
 
 4
 In addition to contesting the validity of the settlement agreement, Caldwell also contends that the basic controversy surrounding the agency's action against him should be reopened. The settlement agreement was voluntarily accepted by Caldwell and is binding on him. He has no cause of action upon which relief could be granted. The Board's dismissal of his appeal in accordance with the valid agreement was not arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence, 5 U.S.C. § 7703(c) (1994).