**James D. LEWIS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

**No. 01–3200.**

United States Court of Appeals,
Federal Circuit.

Dec. 10, 2001.

Before NEWMAN, MICHEL, and GAJARSA, Circuit Judges.

NEWMAN, Circuit Judge.

James D. Lewis petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0752990664–I–1, 2001 WL 138760, dismissing his appeal as settled. We *affirm* the decision of the Board.

## BACKGROUND

Mr. Lewis was a motor vehicle operator for the Postal Service in Richmond, VA, when he was removed for unsatisfactory performance. The Notice of Proposed Removal issued by the Postal Service in April 1999 listed nine accidents in which Mr. Lewis was involved between October 1990 and February 1999. Five of these accidents occurred within the year preceding the Notice and some involved injury to another employee and damage to private and Postal Service property. The Notice also stated that Mr. Lewis had refused to apply for and take the examination required for reassignment to a non-driving position in another craft. The Postal Service duly removed him from employment.

Mr. Lewis appealed to the Board. While the appeal was pending, Mr. Lewis and his representative entered into a settlement agreement which modified the removal to a long term, time-served suspension with a two year "last chance" provision. The agreement provided that Mr. Lewis would be reassigned to a position of Custodian within the maintenance craft, participate in a safety training program, and have no more than one on the job accident within the two years. Mr. Lewis agreed to withdraw his appeal to the Board with prejudice, bring no further actions with respect to his removal and reassignment, and instruct his union to withdraw its grievance concerning the removal.

The administrative judge reviewed the settlement agreement and concluded that it was lawful on its face, was freely and voluntarily reached, and that its terms were understood by the parties. The administrative judge dismissed Mr. Lewis' appeal as settled. Mr. Lewis then petitioned the full Board for review, and on denial of review, took this appeal to the Federal Circuit.

## DISCUSSION

Mr. Lewis states that the settlement agreement was the result of coercion, duress, and collusion, and asks this court to remand the case to the Board for a hearing on the merits of the original appeal. Mr. Lewis presents no factual support for this attack on the settlement agreement. In the papers and informal brief filed in this court, Mr. Lewis has provided no specific reason, beyond these general allegations, to set aside the settlement agreement.

In his petition for review to the full Board, Mr. Lewis stated that his removal created a financial hardship, and that this was sufficient to constitute coercion to enter the settlement agreement. Indeed, as this court observed in *Asberry v. United States Postal Service*, 692 F.2d 1378 (Fed. Cir.1982), every removal involves some financial hardship, and to permit such hardship to be construed as coercion would render all settlement agreements subject to general attack. There is no merit to Mr. Lewis' argument that the financial hardship caused by his removal constituted coercion.

Mr. Lewis has not offered any other basis for releasing him from the settlement agreement. The Board's dismissal of his appeal is affirmed.

No costs.