# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTONIA MARIE WILLIAMS,<br>Appellant, | DOCKET NUMBER<br>AT-0752-16-0629-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: November 9, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Antonia Marie Williams</u>, Lake City, Florida, pro se.

<u>Joved Gonzalez-Rivera</u>, San Juan, Puerto Rico, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed a Board appeal challenging her removal from her position as a Nursing Assistant with the agency's Veterans Health Administration. Initial Appeal File (IAF), Tab 1. While the appeal was pending, the parties entered into a settlement agreement resolving the appellant's Board appeal. IAF, Tab 15. Pursuant to the terms of the settlement agreement, in pertinent part, the agency agreed to demote and reassign the appellant to a Food Service Worker position upon her being determined physically qualified. *Id.* at 7, ¶¶ 2b, 3b. The agreement further specified that if the appellant was unable to meet the physical requirements of the position as determined by a physical examination, she retained the right to reinstate her Board appeal of her removal. *Id.* at 7, ¶ 3c. The agreement indicated that reinstating the appellant's appeal after she failed to meet the physical qualifications of the position would not constitute a breach of the settlement agreement. *Id.*

¶3 After finding that the Board had jurisdiction over the appellant's appeal and determining that the settlement agreement was voluntarily entered into, understood by the parties, and lawful on its face, the administrative judge issued

an initial decision dismissing the appellant's appeal in light of her request to withdraw it pursuant to the settlement agreement. IAF, Tab 16, Initial Decision (ID). The administrative judge entered the settlement agreement into the record for enforcement purposes. ID at 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      The appellant has filed a petition for review of the initial decision, claiming that the settlement agreement is invalid because the agency misrepresented the extent of the physical requirements of the Food Service Worker position. Petition for Review (PFR) File, Tab 1 at 4-5. Additionally, she claims that the agency breached the agreement when it refused to offer her the Food Service Worker position after she failed to pass a preemployment physical examination. *Id.* Finally, she alleges that the agency breached a previous verbal agreement to hire her for the Food Service Worker position without requiring that she complete a preemployment physical examination. *Id.* The agency filed a response to the petition for review, arguing that the settlement agreement was lawful on its face, that the appellant represented that she understood the agreement and entered into it voluntarily, and that her appeal was properly dismissed as withdrawn on the basis of the lawfully executed settlement agreement. PFR File, Tab 6 at 6-7.

¶5      A party may challenge the validity of a settlement agreement if she believes that it is unlawful, involuntary, or the result of fraud or mutual mistake. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013). A challenge to the validity of the settlement agreement must be filed, as it was here, as a petition for review of the initial decision. *See Weldon v. Department of Veterans Affairs*, 119 M.S.P.R. 478, ¶ 5 (2013) (finding the proper method to attack the validity of a settlement agreement is a petition for review of the initial decision that dismissed the appeal based on the settlement agreement). To establish that a settlement was fraudulent as a result of coercion or duress, a party must prove that she involuntarily accepted the other party's terms, that

circumstances permitted no other alternative, and that such circumstances were the result of the other party's coercive acts. *Hinton*, [119 M.S.P.R. 129](), ¶ 4. The party challenging the validity of the settlement agreement bears a "heavy burden." *Asberry v. U.S. Postal Service*, [692 F.2d 1378](), 1380 (Fed. Cir. 1982); *Hinton*, [119 M.S.P.R. 129](), ¶ 4. Additionally, an appellant's post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Hinton*, [119 M.S.P.R. 129](), ¶ 4; *Henson v. Department of the Treasury*, [86 M.S.P.R. 221](), ¶ 10 (2000).

¶6　　　　The appellant states that when the settlement agreement was negotiated, agency officials led her to believe that a relatively small number of the job duties for the Food Service Worker position would be physically demanding. PFR File, Tab 1 at 4-5. Because she believed that she could complete the requirements of the position, she agreed to complete the physical examination as a term of the agreement. *Id.* However, she claims that, when she underwent the physical examination, the duties she was presented with at that time were more physically demanding than she previously was led to believe, resulting in her failing to meet the physical requirements and failing the physical examination. *Id.* As such, the appellant appears to argue that the agency engaged in fraud or misrepresentation by misleading her about the physical expectations of the Food Service Worker position. *Id.*

¶7　　　　In construing a settlement agreement, the Board will first consider the terms of the agreement itself, and will only examine extrinsic evidence if the terms of the agreement are ambiguous, meaning they are susceptible to more than one reasonable interpretation. *Harris v. Department of Veterans Affairs*, [99 M.S.P.R. 609](), ¶ 4 (2005). The settlement agreement does not mention the job duties of the Food Service Worker position, and does not condition acceptance of the agreement on the appellant's completing any specifically described duties. Instead, the agreement states only that the appellant would be reinstated to the Food Service Worker position after meeting the physical qualification standards

for the position, based on completing a physical evaluation. IAF, Tab 15 at 7, ¶ 3b. A position description was not entered as an exhibit as a part of the negotiated settlement agreement, and the physical qualification standards were not included anywhere else in the record.[2] Thus, even if the agency presented the appellant with a list of duties during the course of the settlement negotiations that differed from the ones she received when she appeared for her physical evaluation, we cannot find that that she was the victim of agency misrepresentation or fraud when she voluntarily signed a settlement agreement that did not mention the job duties to be performed in the Food Service Worker position. As such, the appellant's argument does not warrant setting aside the settlement agreement on the basis of fraud or misrepresentation.[3]

¶8        As noted, the settlement agreement provided that, if the appellant was unable to meet the physical requirements of the position as determined by a physical examination, she retained the right to reinstate her Board appeal and that such a reinstatement would not constitute a breach of the settlement agreement. IAF, Tab 15 at 7. As of the date of this Order, the appellant has not requested

---

[2] The only exhibit referenced in the settlement agreement was a Last Chance Agreement (LCA). IAF, Tab 15 at 7, ¶ 3a; Tab 14 at 9-12. The LCA similarly does not mention the specific duties of the Food Service Worker position. *Id.*

[3] To the extent the appellant is arguing that she misunderstood the scope or meaning of the terms of the settlement agreement, such a unilateral mistake also does not provide a basis for invalidating the agreement. *See Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 18 (2006) (noting that an appellant's voluntary acceptance of a settlement agreement of which she misunderstood the consequences of accepting the settlement would not be a basis for setting aside the settlement). Concerning the appellant's claim that the agency breached the terms of the settlement agreement by requiring her to undergo a physical evaluation as a condition of reinstatement to the Food Service Worker position, and declining to offer her that position after she failed the physical evaluation, claims of noncompliance with a settlement agreement must generally be raised in a petition for enforcement filed in the first instance with the Board's regional office. *Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 8 (2010); *Henson*, 86 M.S.P.R. 221, ¶ 15.

that her appeal be reinstated.[4]  Because the terms of the settlement agreement are facially inconsistent with the arguments presented on review by the appellant, and because she remains free to reinstate her appeal under the terms of the agreement, we do not need to forward this matter for docketing as an enforcement matter. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[4] Following the dismissal of this case as settled, the appellant submitted a second appeal form concerning this matter, which was docketed as a new initial appeal. *Williams v. Department of Veterans Affairs*, MSPB Docket No. AT-3443-16-0792-I-1, Initial Appeal File (0792 AF), Tab 1.  During the pendency of the petition for review in the instant case, the appellant submitted a voluntary request to withdraw the case in the region "to avoid confusion," noting that her petition for review was pending. 0792 AF, Tab 8.  Subsequently, the administrative judge issued an initial decision granting the appellant's request.  0792 AF, Tab 9, Initial Decision.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for

                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.