**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

LISA M. BARNES,

       Appellant,

      v.

DEPARTMENT OF THE NAVY,

       Agency.

DOCKET NUMBER
AT-0752-16-0686-I-1

DATE: March 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa M. Barnes, Summerville, South Carolina, pro se.

Thomas J. Tangi, Jacksonville, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as settled. Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant filed an appeal of the agency's action removing her based on a charge of medical inability to perform the essential duties of her position. Initial Appeal File (IAF), Tab 1 at 3, 7-9, 13. During the appeal process, the parties engaged in mediation and, with the assistance of a Board Mediator, they entered into a settlement agreement. IAF, Tabs 14-15. Under the terms of the agreement, the agency was to pay the appellant a lump sum of $30,000, in exchange for which the appellant agreed to a dismissal of her appeal with prejudice. IAF, Tab 15 at 1-2. After finding that the settlement agreement was lawful on its face and the parties entered into it voluntarily, the administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal as settled. IAF, Tab 16, Initial Decision (ID) at 1-2. He advised the parties that the deadline for filing a petition for review was January 16, 2017. ID at 3.

¶3    The appellant has filed a petition for review, which she submitted on January 18, 2017, arguing that she was pressured into signing the agreement. Petition for Review (PFR) File, Tab 1 at 4.  She also has filed a motion requesting that the Board waive the deadline for filing her petition.  PFR File, Tab 4.  The agency did not respond to either the petition or the motion.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has shown good cause for her untimely petition for review.

¶4    The appellant admits that her petition for review is untimely.  PFR File, Tab 1 at 4, Tab 4 at 2.  Because the January 16, 2017 deadline for filing fell on a holiday, it advanced to the next business day, or January 17, 2017.  *See* 5 C.F.R. § 1201.23 (providing that a deadline that falls on a Federal holiday is extended to include the following workday).  Thus, the appellant's January 18, 2017 petition for review was 1 day late.  PFR File, Tab 1.

¶5    In a sworn declaration, the appellant, who is pro se, states that between the time she signed the settlement agreement and filed her petition for review, she was bedridden due to medical conditions.  PFR File, Tab 4 at 2.  She also submits statements from her psychiatrist stating, inter alia, that he has been treating the appellant for some of these conditions and that she has been "unable to manage usual activities and reports."  *Id*. at 4-5.  He indicates that following the mediation that led to the settlement agreement, the appellant's symptoms worsened.  *Id.* at 5.  In light of the appellant's sworn statement and medical evidence, the shortness of her delay, and her pro se status, we find good cause to waive her 1‑day filing delay.  *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (observing that the Board will find good cause for a filing delay when an appellant demonstrated that he suffered from an illness that affected his ability to file on time); *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995) (reflecting factors relevant to determining if an appellant has shown good cause for his filing delay, including the length of the delay, whether the

appellant is proceeding pro se, and whether he has presented evidence of circumstances beyond his control that affected his ability to comply with the time limits), *aff'd per curiam*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Further, the agency has not alleged any prejudice resulting from a waiver of the time limit. *Moorman*, 68 M.S.P.R. at 63.

<u>The appellant has not met her burden to show that the agency engaged in coercion or that she did not voluntarily sign the agreement.</u>

¶6    In her petition for review, the appellant requests the Board to review the "low settlement that [she] felt pressured to sign." PFR File, Tab 1 at 5. A party may challenge the validity of a settlement agreement if she believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013). To establish that a settlement was fraudulent as a result of coercion or duress, a party must prove that she involuntarily accepted the other party's terms, that circumstances permitted no alternative, and that such circumstances were the result of the other party's coercive acts. *Id.* The party challenging the validity of the settlement agreement bears a "heavy burden." *Asberry v. U.S. Postal Service*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Hinton*, 119 M.S.P.R. 129, ¶ 4.

¶7    The appellant asserts that, since entering into the settlement agreement, her medical conditions have deteriorated. PFR File, Tab 4 at 2. However, she does not claim that her medical conditions caused her to sign the agreement or to not understand what the settlement provided when she signed the agreement. *Id.* Instead, she argues that she felt "pressured, almost forced" to sign the agreement because the mediator stated that he needed to get to the airport, the agency attorney said he needed a "final answer then," and her husband wanted her to begin the healing process. *Id.* We do not find that these are allegations that the agency representative engaged in coercive acts or of circumstances that left the

appellant with no alternative but to accept the agreement as presented by the agency. Furthermore, the agreement specifically states that it is "not based on any harassment, threats, coercion, or intimidation and [the parties] acknowledge that they enter into this Agreement knowingly, voluntarily and of their own free will." IAF, Tab 15 at 2-3. To the extent the appellant may be trying to assert that her medical conditions prevented her from understanding the terms of the agreement, the agreement also explicitly states that she "does not suffer from any mental disease or defect that impairs her ability to think, analyze, and understand the terms and conditions of this agreement." *Id*. at 3. Moreover, the record reflects that the appellant was represented during the mediation process by her husband, who signed the settlement agreement as her representative. *Id.* Thus, we find that the appellant has not, by her challenges to the validity of the agreement, met her burden of proving that the settlement agreement was coerced or that she did not freely enter into the agreement.

¶8        The appellant also suggests that the parties verbally agreed that she would be awarded a disability retirement as a result of signing the settlement agreement.[3] PFR File, Tab 1 at 5. However, the settlement agreement contains no such term, and further provides that it is a "full and final settlement of . . . all issues related to [the appellant's] employment." IAF, Tab 15 at 1. Similarly, it plainly provides that the lump sum payment to the appellant "represents full settlement of this matter and all relief sought by [the] Appellant." *Id.* at 1-2; *see Birdsong v. Department of the Navy*, 75 M.S.P.R. 524, 528 (1997) (explaining that parol evidence only is admissible to show the parties' intent if the terms of an agreement are ambiguous). Thus, the appellant waived her rights to claim any additional damages associated with her employment with the agency. *See*

---

[3] We offer no opinion as to whether the appellant is eligible to file for disability retirement with the Office of Personnel Management, which has its own filing deadlines.

*Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 25 (2006) (finding that a settlement agreement providing that it was a "full and final release of all matters" in the appeal constitutes a waiver of the right to move for payment of attorney fees).

¶9    While the appellant would like to revoke the settlement agreement, her post-settlement remorse cannot serve as a basis for setting aside a valid settlement agreement. *Hinton*, 119 M.S.P.R. 129, ¶ 4. Further, her arguments that the agency caused the medical conditions that led to her removal, should have permitted her to take leave instead of removing her, and "harm[ed] [her] reputation" after she left her job are not relevant to the dispositive issues in this appeal. PFR File, Tab 1 at 5.

¶10    Accordingly, we conclude that the appellant has provided no basis upon which to disturb the initial decision dismissing this appeal as settled.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.