**Gregory VAUGHN, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3262.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 5, 2004.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Gregory T. Vaughn petitions for review of the decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal as settled and forwarding the remainder of his complaint to the regional office for docketing and adjudica-

tion as a petition for enforcement.[1] We *affirm* the decision of the Board.

## BACKGROUND

Mr. Vaughn is employed as a Clerk with the United States Postal Service at the Wilmington, Delaware Processing & Distribution Center. On April 5, 2001, he filed two separate appeals with the MSPB; first, challenging his demotion from clerk, PS–5 to Clerk, PS–4 (PH0752010214–I–1) and, second, alleging that he was placed on enforced leave for more than 14 days (PH0752010215–I–1). The parties negotiated and agreed to settle, both parties eventually signing a settlement agreement. The administrative judge then dismissed both appeals as settled on July 10, 2001.

On March 7, 2002 Mr. Vaughn filed a petition for review of the dismissal with the full Board. Mr. Vaughn stated that his attorney had coerced him into the settlement, and that the Postal Service had failed to comply with the settlement agreement. The Board denied Mr. Vaughn's petition on coercion, finding neither new evidence nor legal error in the administrative judge's decision. The Board also held that the question of compliance with the agreement was not properly before it, and forwarded this claim to the regional office for adjudication as a petition for enforcement. Mr. Vaughn appeals.

## DISCUSSION

We agree with the Board that the question raised is that of enforcement, and that the issue was properly forwarded to the appropriate regional office for adjudication in the first instance.

As to Mr. Vaughn's allegation that the settlement agreement is invalid, we discern no error in the Board's conclusions. A settlement agreement is presumed valid absent a showing of fraud or mutual mistake. *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1380 (Fed.Cir.1982). In attacking the validity of the agreement, Mr. Vaughn bears a "heavy burden." *Id.* Because he has neither alleged nor made a sufficient showing that he was defrauded or that there was a mutual mistake, the settlement agreement is enforceable.

Mr. Vaughn states that his attorney and paralegal coerced him into signing a less than fair settlement agreement by, *inter alia*, asserting that the administrative judge was demanding an immediate settlement. The extraordinary circumstances of coercion are not here shown. Nor do these allegations meet the heavy burden of showing fraud. Mr. Vaughn has not shown or alleged that either the Postal Service or the administrative judge knowingly concealed a material fact or intentionally misled him.

The Board left undisturbed the finding of the administrative judge that found that Mr. Vaughn's settlement agreement was properly entered into, understood by the parties, and enforceable. Reversible error has not been shown in this finding. The decision of the Board is affirmed.

No costs.

---

1. Docket Nos. PH0752010214–I–1, PH0752010215–I–1, PH0752010214–A–1, PH0752010215–A–1, 94 M.S.P.R. 486, 2003 WL 21516740. Joined under 5 C.F.R. § 1201.36(a)(2) for purposes of the MSPB appeal.