NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FATE PRICE,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2011-3059

---

Petition for review of the Merit Systems Protection Board in case no. DE0752090346-I-2.

---

Decided: July 13, 2011

---

FATE PRICE, of Denver, Colorado, pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before RADER, *Chief Judge*, PROST and O'MALLEY, *Circuit Judges*.

PER CURIAM.


On May 14, 2009, Fate Price appealed to the Merit Systems Protection Board ("MSPB") a decision of the U.S. Postal Service ("USPS") removing him for misconduct. While his appeal was pending, Mr. Price successfully sought to have his appeal withdrawn without prejudice pending resolution of criminal charges relating to the incidents underlying his removal action. Mr. Price, a union representative, and the USPS subsequently entered into a settlement agreement. On March 19, 2010, his appeal was refiled for the sole purpose of entering the agreement into the records so that the MSPB could retain jurisdiction to enforce the agreement. On that same day, the administrative judge accepted the agreement into the record and dismissed the appeal as settled.

Mr. Price's settlement agreement stated that "[t]his agreement constitutes full and final settlement of all issues relating to the above captioned grievance." Resp't's App. 15. Despite this voluntary waiver of appeal rights, Mr. Price filed a petition for review with the MSPB. The MSPB concluded that it did not possess jurisdiction to review the merits of the removal because Mr. Price had waived his appeal rights as part of the settlement agreement. The MSPB further found that any alleged "coercion" by the union representative was not sufficient to serve as a basis to set aside the settlement agreement. In denying Mr. Price's petition, the MSPB noted, "[t]he fact that the appellant was faced with an unpleasant situation or that his choice was limited to two unattractive options does not make his decision to enter into the settlement agreement any less voluntary." *Price v. U.S. Postal Serv.*,

No. DE0752090346-I-2, slip op. at 3 (M.S.P.B. Nov. 12, 2010) (citing *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)).

Mr. Price timely appealed to this court. The scope of our review of MSPB fact finding is narrow, and Mr. Price bears the burden to demonstrate that the MSPB's determination is not supported by substantial evidence. *See Belanger v. Office of Pers. Mgmt.*, 1 F.3d 1223, 1227 (Fed. Cir. 1993). A settlement agreement is presumed to be valid and voluntary, and an employee challenging the validity of such an agreement bears a heavy burden. *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982) ("Those who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden."); *see also Mays v. U.S. Postal Serv.*, 995 F.2d 1056, 1058-59 (Fed. Cir. 1993) (an employee's settlement of a grievance is normally considered a voluntary action). Bare allegations of coercion are not sufficient to set aside settlement agreements. *See Tiburzi v. Dep't of Justice*, 269 F.3d 1346, 1355 (Fed. Cir. 2001) (finding that unsubstantiated allegations that petitioner's counsel and the administrative judge coerced petitioner into a settlement agreement are insufficient to invalidate the agreement).

On appeal to this court, Mr. Price again alleges that his settlement agreement should be set aside because it was not voluntary. Resp't's App. 18-20. In explaining whether the MSPB incorrectly decided or failed to take into account any facts, Mr. Price simply states, "I had nothing to do with the union." Pet'r's Br. (response to question 2). He does not explain why the fact that he was not a union member renders his settlement agreement involuntary and requires reversal of the decision below. Here, the administrative judge found that Mr. Price had

voluntarily signed the agreement. Resp't's App. 7. In addition, Mr. Price has not alleged facts sufficient to establish wrongful conduct by the agency or mutual mistake of fact or any other basis to set aside the settlement agreement. In light of these circumstances, the MSPB's dismissal is supported by substantial evidence. Accordingly, we affirm.

### COSTS

Each party shall bear its own costs.

## AFFIRMED