NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**DANNY W. VEAL,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3234

---

Petition for review of the Merit Systems Protection Board in case no. SF0842110041-I-1.

---

Decided: February 13, 2012

---

DANNY W. VEAL, of Anchorage, Alaska, pro se.

JOSEPH A. PIXLEY, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for the respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before LOURIE, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

Danny W. Veal ("Veal") appeals from a decision of the Merit Systems Protection Board ("Board") affirming a determination by the Office of Personnel Management ("Office") that Veal was ineligible to receive annuity benefits under the Federal Employees' Retirement System ("FERS"). *Veal v. Office of Pers. Mgmt*, No. SF-0842-11-0041-I-1 (M.S.P.B. Feb. 11, 2011) ("*Initial Decision*"), *reh'g denied*, (M.S.P.B. Aug. 25, 2011) ("*Final Order*"). For the reasons explained below, this court affirms.

## BACKGROUND

Veal served in the Army between 1968 and 1970 and worked for the Postal Service from 1988 until his removal in 2002. All of his service was credited for retirement purposes under the FERS. In May of 2002, Veal was arrested and incarcerated in California, and in August of 2002, he was removed from federal service. In October 2002, the Postal Service sought to recover $2,444.26 from Veal for overdrawn leave and past-due health benefit premiums.

To satisfy this obligation Veal sought a refund of his retirement contributions. Accordingly, Veal executed Standard Form 3106, titled "Application for Refund of Retirement Contributions," in May 2003. Because Veal was married, his spouse signed part 2 of a Standard Form 3106A acknowledging the consequences of her husband's refund of retirement contributions—waiver of an annuity benefit. Two other individuals signed the Standard Form 3106A as witnesses, although Mrs. Veal contends that they did not witness her sign the form and that she does not know them. In June 2003, the Office authorized a refund of Veal's retirement deductions, paying $2,444.26 of the refund to the Postal Service and $3,477.81 to Veal.

At some later point, Veal sent a letter to the Office requesting information on the monthly amount of his retirement annuity. On October 4, 2010, the Office informed Veal that he was not eligible to receive annuity benefits under FERS because he had already applied for and received a refund of his retirement deductions. Veal appealed to the Board, which agreed with the Office. *Initial Decision* at 11. Veal then petitioned the full Board, which denied his petition for rehearing. *Final Order* at 2. Veal appealed to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The parties do not contest that if Veal properly received a refund of his retirement contributions, he is not entitled to annuity benefits. *See* 5 U.S.C. § 8424(a) ("[P]ayment of the lump-sum credit to an employee . . . voids all annuity rights . . . based on the service on which the lump-sum credit is based."). Instead, Veal raises two arguments on appeal as to why the signed Standard Forms 3106 and 3106A are void. Each is addressed in turn.

Veal first argues that he was under duress when he requested a refund of his retirement contributions and signed Standard Form 3106. *See Collins v. Office of Pers. Mgmt.*, 45 F.3d 1569, 1573 (Fed Cir. 1995) ("[O]ne is not relieved from the consequences of a written election absent a showing that mental incompetence, duress or fraud is the reason for an election one later seeks to void."). "In order to successfully defend on the ground of force or duress, it must be shown that the party benefitted

thereby[, in this case the Postal Service,] constrained or forced the action of the injured party, and even threatened financial disaster is not sufficient." *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1381 (Fed. Cir. 1982) (citation omitted). Veal did not allege, nor does the record evidence show, any wrongful act or threatening conduct on the part of the Postal Service. Accordingly, substantial evidence supports the Board's finding that Veal's "election to receive the refund of his retirement deductions was not the product of duress." *Initial Decision* at 9.

Veal next argues that his refund was void because the Standard Form 3106A, signed by Mrs. Veal, was not properly witnessed. Specifically, Veal contends that his wife signed the form alone and that she does not know the two people who signed the form as witnesses. The line above the two witness signatures recites: "We, the undersigned, certify that Part 2 of this form was signed by the current or former spouse of the person named in Part 1 in our presence." Mrs. Veal admits to signing Standard Form 3106A. Veal asserts that, were the form properly witnessed, those witnesses would have explained to Mrs. Veal the consequences of her signature. These arguments lack merit. "[T]he voluntary signing of a government form for the purpose of evidencing agreement with the terms of the form is binding." *Braza v. Office of Pers. Mgmt.*, 598 F.3d 1315, 1319 (Fed. Cir. 2010). The fact that Mrs. Veal "neglected to read the [form] before signing it does not release her from the binding effect of the [form] under controlling law." *Id.* at 1321. Because Mrs. Veal admits to signing the form, any discrepancy in witness signatures was of no consequence, and does not void the form. The Board's finding to this effect is therefore supported by substantial evidence.

For these reasons, the decision of the Board is affirmed.

**AFFIRMED**

## Costs

Each party shall bear its own costs.